DOUGHTY SOMERS, PLAINTIFF IN CERTIORARI AND PLAINTIFF BELOW, v. SIMON L. WESCOAT, DEFENDANT.

Argued February 19, 1901—Decided June 10, 1901.

1. Where a broker, employed to sell real property, brings about an introduction of a buyer and a negotiation, resulting in a purchase, ensues on that foundation, the owner and buyer cannot, by any arrangement, disappoint the claim of the agent for remuneration.
2. On *certiorari* this court will not review the findings of fact of a District Court.
3. If there is no evidence, or only evidence illegally admitted, and the conclusions of the judge are founded on such illegal evidence, we are not bound by his findings.
4. When, by statute, an agent's authority must be in writing, parol testimony will not be admissible to prove it, unless as secondary evidence, after proof of loss of the original.

On *certiorari* to the District Court of Atlantic City.

Before Justices GUMMERE and FORT.

For the prosecutor, *Eli H. Chandler.*

For the defendant, *William M. Clevenger.*

The opinion of the court was delivered by

FORT, J. This was an action by a broker to receive commissions on the sale of real estate.

The record shows the appointment, in writing, of the plaintiff by the defendant to sell the property in question, and that the plaintiff alone brought the purchaser to the knowledge of the defendant.

Chief Justice Beasley stated the rule of law in this class of cases as follows:

"It is certainly true, as a rule of law, that, under ordinary circumstances, where a broker, employed to sell property, brings about an introduction of a buyer and when a negotiation, resulting in a purchase, ensues on that foundation, the

owner and buyer cannot, by any arrangement, disappoint the claim of the agent for remuneration." *Vreeland* v. *Vetterlein,* 4 *Vroom* 247.

The facts returned in this case, which are undisputed, show that the plaintiff first brought the purchaser to the attention of the defendant, and carried from the purchaser to the defendant two written propositions, both of which were declined, and that then, soon after, the plaintiff and defendant coming together, a sale was consummated on substantially the same terms as the proposition carried through the agent.

There is no statement in the opinion of the trial judge, or in the facts returned by him, wherein it is alleged or claimed that any other person or agent ever spoke to the defendant of the purchaser or in any way introduced her to the defendant.

There was proof in the case by one Conover that he had told the purchaser that the defendant's property was for sale, but it appeared, without dispute, that this was before the purchaser called upon the plaintiff and before the plaintiff, acting as the agent of the defendant and under his written authority, had carried two written propositions from the purchaser to the defendant.

There was no testimony that at any time before the sale the purchaser had acted upon the statements of Conover, or that the defendant had knowledge that Conover had ever spoken to the purchaser.

The record, it is true, does show that Conover, who is a real estate agent, testified, over an objection of the plaintiff, that he had the defendant's property on his books for sale and that he was the agent of the defendant for its sale, but the defendant did not so testify.

From this testimony the judge finds that Conover first brought the attention of the purchaser to the property, and was therefore the procuring cause.

The rule, it is true, is well settled that, upon *certiorari,* this court will not review the findings of fact by the trial court, but that rule only applies to cases where there exists evidence from which the facts found can be found. Mr. Justice Reed states the rule in this wise:

"We, of course, cannot weigh the testimony, but only decide upon a case which the court could have deduced from any legal view of its force." *Derrickson* v. *Quimby,* 14 *Vroom* 373.

If there be no evidence, or only testimony illegally admitted, which is, of course, without legal force, and the conclusions of the judge are founded on the illegal evidence in the cause, we are not bound by his conclusions.

We think Conover's evidence, if admissible, was of no legal force against the plaintiff's claim, for it did not go to the length of showing that he had brought the purchaser to the notice of the defendant by any introduction of her to the defendant as a possible purchaser, and hence it was impossible for any act of his to have been operative upon the defendant's mind or action as a procuring cause of the sale.

But there was no legal proof of Conover's agency to sell this property for the defendant. A mere volunteer, or a real estate agent who has the property on his books for sale, is not an agent who is entitled to commissions which he can legally enforce. *Hinds* v. *Henry,* 7 *Vroom* 328.

By our statute of frauds the agency must be in writing for the sale of real estate to constitute a legal agency. *Gen. Stat.,* p. 1604, § 10.

Where the authority of an agent, to be forceful, must be in writing, Greenleaf lays down this rule: "If, from the nature of the transaction, the authority must have been in writing, parol testimony will not be admissible to prove it, unless as secondary evidence, after proof of the loss of the original." 1 *Greenl. Evid.* (15th ed.), § 63.

Objection was made to the admission of Conover's testimony, and it is the fourth reason assigned for reversal.

We think this evidence was wrongly admitted. With this out, the legal results deduced by the judge from the undisputed facts cannot be sustained. Whether Conover's testimony, therefore, is in or out, we think there should be a reversal.

The judgment of the District Court is reversed, and a new trial granted.