BART J. FREEMAN, RESPONDENT, v. GEORGE A. VAN WAGENEN ET AL., APPELLANTS.

Submitted March 22, 1917—Decided June 6, 1917.

1. In a suit by a broker for commissions, alleged to be due for the procuring of a sale of real estate under a written agreement, where it was a disputed question whether the agreement had been abandoned by consent, such a question was a proper one for the jury.

2. In the absence of a special agreement, a real estate broker, acting by virtue of a written agreement, earns his commission when he secures a ready and willing purchaser, brings the parties together and gets them to make a binding agreement.

---

On appeal from the Essex Circuit.

Before Justices SWAYZE, MINTURN and KALISCH.

For the appellants, *William K. Flanagan.*

For the respondent, *Edwin C. Caffrey.*

The opinion of the court was delivered by

SWAYZE, J.   This is an action by a broker to recover commissions on a sale of real estate. On October 22d, 1913, John B. Van Wagenen, one of the defendants and tenants in common, signed a written agreement to pay the plaintiff a commission of two and one-half per cent. for the sale of the property. The defendants claim that this agreement was meant to apply only to a proposed sale to the Pennsylvania Railroad Company; that no such sale was made; that thereupon in December, 1913, the agreement for commissions was returned by Freeman to Van Wagenen and abandoned. In fact, the agreement was not produced at the trial; the plaintiff relied on what was said to be a copy which had been retained by his lawyer. The point in this respect was that the agreement had been abandoned by consent, although there are suggestions in the case and in the briefs that the defendant sought to vary the terms of the agreement by making it applicable only in case of a sale to the railroad. The learned trial judge rightly held that the evidence was not admissible for that purpose and put to the jury the real question whether the written authority was given up by the plaintiff, so as to render it of no effect.

Whether the authority was given up or not, the plaintiff continued his efforts to sell the property; he claims, of course, that he was acting under the written authority; the defendants claim that he was acting only under a verbal authority from John B. Van Wagenen, whose agency for all the tenants in common is not disputed. As a result of the plaintiff's efforts, a prospective purchaser was procured in the person of Cobb. Pending the actual execution of a contract for sale with Cobb, the plaintiff produced, in March, 1914, another purchaser—Scherer—who offered a higher price; with him the defendants made a formal written contract on March 14th, 1914, for the conveyance of the land, and received $1,000 on

account of the purchase price. This contract did not, however, result in a conveyance. Scherer sought to rescind and recover his thousand dollars, but failed. Meantime, the defendants actually conveyed the property to Cobb for a lower price than that at which they had authorized the plaintiff to sell. The claim of the plaintiff for commissions on the sale and conveyance to Cobb is not important for the present purposes, since the jury found in favor of the defendants on that issue and the plaintiff does not appeal. The question for us is whether there was any error in submitting the case to the jury as to the claim for commissions on the sale to Scherer. Assuming, as we must, in view of the jury's finding in favor of the plaintiff on this issue, that the authority of October 22d had not been given up, we think it was right to hold, as the judge did, that the authority, and the subsequent agreement for a conveyance to Scherer by the defendants, satisfied the requirements of the tenth section of our statute of frauds. There was an agreement signed by one of the defendants which complied with the statute; from the fact that the other defendants joined him in the contract to convey to Scherer, it was a necessary inference either that he was in fact their agent in signing the authority to Freeman, or that they had adopted his act. Under either view—actual present agency or subsequent adoption—he was entitled to recover if he had performed on his part. As to this, the defendants claim that although the plaintiff had produced a ready and willing purchaser in the person of Scherer, he had not produced one able to perform the contract. The judge charged that all the plaintiff was bound to do was to bring the parties together and get them to make a binding agreement. This was a correct statement of the law. It is a mistake to think that we decided, in *Hinds* v. *Henry,* 36 *N. J. L.* 328, that the broker could never recover unless he procured an able and willing purchaser. We said that the general rule was that when he had done that, his right to commission was complete. We did not deny that other facts also might make his right complete. A clear distinction is made in our cases between a sale and a conveyance of land. We agree with what was said in *Lindley*

*et al.* v. *Keim et al.*, 54 *N. J. Eq.* 418 (at *p.* 423), quoting the opinion of Vice Chancellor Pitney, to be found in 30 *Atl. Rep.* 1073, that the words "sale" and "sell" in agreements between the owners of land and real estate brokers mean no more than to negotiate a sale by finding a purchaser upon satisfactory terms. This the plaintiff did; the defendants actually accepted Scherer as satisfactory; and the only question, so far as the Scherer transaction is concerned, was that put by the judge to the jury, whether the written authority had been abandoned by the plaintiff as the defendants claimed.

We find no error; the judgment is affirmed, with costs.