EUGENE A. KELLY, RESPONDENT, v. HORACE E. DEMO-
REST AND MABEL B. DEMOREST, APPELLANTS.

Submitted March 18, 1920—Decided August 11, 1920.

A clause in a written contract of sale of real estate, stating the amount of commission to be paid on the sale to a broker, is such a recognition in writing, signed by the owner, of the broker's authority to sell to entitle the broker to collect commission, under the tenth section of the statute of frauds. *Pamph. L.* 1918, *p.* 1020.

On appeal from the Orange District Court.

Before Justices SWAYZE and PARKER.

For the respondent, *Howe & Davis.*

For the appellants, *Charles E. S. Thorne.*

The opinion of the court was delivered by

SWAYZE, J. Kelly seems to have been employed by Horace E. Demorest, one of the defendants, to find a customer for the

Demorest dwelling-house. He found a customer at a satisfactory price and an agreement of sale between the Demorests and the customer was duly executed by both defendants, but never delivered to the purchaser. It contained a recognition in writing of Kelly's employment as broker. The writing was not produced, as it had apparently been destroyed by the defendants, or one of them. There was parol evidence which was uncontradicted, to the effect that the language was "Eugene A. Kelly is recognized. as the broker having negotiated the sale and the party of the first part agrees to pay three and one-half per cent. on the first ten thousand and two and one-half per cent. on the eleven thousand, to be paid at the signing of this agreement;" the question is whether this recognition suffices to comply with the tenth section of the statute of frauds as it now stands. Prior to the amendment of 1911 the plaintiff could not have recovered commissions on the sale. That amendment provided, however, for a recovery where the authority to the broker to make the sale was recognized in a writing or memorandum signed by the owner whether or not such writing or memorandum was signed before or after the sale or bargain had been effected. This was intended to change the rule of law as it previously existed. *Stout* v. *Humphrey,* 69 *N. J. L.* 436.

We think it clear that the written statement as testified to on the trial was a recognition in a writing signed by the owner of the broker's authority to sell and amounted to an agreement between the broker and the owner for the specified commissions. The fact that the writing or memorandum was contained in a contract for the sale of the property between vendor and vendee cannot deprive the broker of his right to recover because undelivered. The language of section 10 is similar to that of section 5 of our statute (*Comp. Stat., p.* 2612) and the law with reference to a memorandum where it is not required that the contract itself be in writing is well stated by Williston in his new book on Contracts, section 579: "As the purpose of the statute is to require a formality of proof in order to make a contract enforceable, not to impose a new rule of law as to what constitutes a valid contract, it is

immaterial with what purpose the requirement of the statute was fulfilled. In this connection, however, it is essentially important to distinguish decisions under statutes which require the 'contract' to be in writing. Such statutes can hardly be satisfied unless the writing is made by the parties as the expression of the contract, but the requirement of a note or memorandum is satisfied by a letter in which the writer after stating the bargain repudiates it or refuses to enter into a written contract. So, a letter written by a party to be charged to his own agent, or any other third party, is enough if it contains the terms of the bargain. It should follow that a document retained only within the control of the party to be charged may also be a good memorandum. By hypothesis the bargain at common law was complete and written evidence of it alone is necessary. There seems no reason for doubting the sufficiency of an undelivered writing for this purpose and this view finds support in many cases. It has, however, been held in a number of cases, most of which relate to real estate, that a document remaining wholly unpublished in the possession of the writer could not be used as a memorandum." In the present case, aside from the tenth section of the statute of frauds, a verbal contract would have been binding and the vendor would have been liable at common law for services rendered by the broker. No memorandum was necessary to constitute the contract in the absence of the statute, and when the legislature amended the statute they undoubtedly meant to secure the broker a right to his pay even where he had no agreement prior to the contract between vendor and vendee, for, manifestly, there could be no consideration, as Stout *v.* Humphrey held, for an agreement which was only recognized by the writing and not constituted by it and the statute would have failed to effect its obvious intent. This construction is in harmony with the cases cited in Williston, section 568.

The trial judge held in accordance with these views and his judgment is affirmed.