JOSEPH J. MATZ, TRADING AS J. J. MATZ & COMPANY, PLAINTIFF-APPELLEE, v. PETER BESSMAN, DEFENDANT-APPELLANT.

Submitted December 21, 1922—Decided February 20, 1923.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellee, *Samuel Roessler*.

For the appellant, *Philip J. Schotland*.

PER CURIAM.

This is a suit by a real estate broker for commission claimed to have been earned on a sale. The authorization by the owner was based on a definite net price to be obtained and the broker was to have as commission all over that price, very much as in the case of *Mendles* v. *Danish*, 74 *N. J. L.* 333. The price fixed was $7,200, and plaintiff secured a purchaser at $7,700, who was plainly satisfactory to the defendant because defendant contracted with him at that

figure. After the contract was signed, the purchaser discovered he was financially unable to carry out the contract, probably because he could not secure a mortgage loan, or for some similar reason and, consequently, gave notice that he was simply unable to perform; so the sale was not consummated by conveyance. When the plaintiff wanted his compensation of $500, being the difference between $7,200 and the $7,700 which was named in the contract of sale, the defendant refused to pay it because the sale had not been consummated, and defends this action on the theory that the commission was only payable in case of such consummation. The language of the contract is: "I further agree to allow the said J. J. Matz Company *to keep for their own* use and benefit all money for which the property is sold in excess of the selling price above mentioned. Said money is given in consideration of their services rendered. No commission to be paid otherwise."

There was a judgment for plaintiff, and the defendant appeals. Appellant's argument is that the words "keep for their own use," &c., imply not only a sale in the usual sense, but the consummation of a sale as in the case of *Leschziner* v. *Bauman*, 83 *N. J. L.* 743. In that case, however, the language was quite specific that the commission should be payable only in case of a conveyance, so that the decision is not in point. We do not think that any such construction should be put on this contract. If the word "sale" is used, it should have the meaning usual in such cases, and which, as laid down in the very recent case of *Resky* v. *Meyer*, 119 *Atl. Rep.* 97, is "not the conveyance, but the meeting of the minds of seller and broker's purchaser, or the production by the broker of a purchaser who fulfills the requirements of the seller." We do not think that the language of the contract in the present case is sufficient to attach to the word "sale" any meaning that involves the consummation of a conveyance and collection of the proceeds, but that after the broker procured the customer and the defendant accepted him, the broker was not an insurer of either the solvency or the willingness of the customer.

It is argued that the fact that the broker collected $200 on account and turned it over to his principal argues a practical construction of the contract different from that which we have placed upon it; but we do not think it argues anything further than a somewhat unusual act of courtesy on the part of the broker.

The judgment will be affirmed.