HARRY MARSELLA AND THOMAS MARSELLA, PARTNERS, TRADING AS MARSELLA BROTHERS, RESPONDENTS, v. FANNIE BLOCH, APPELLANT.

Submitted November 10, 1924—Decided January 19, 1925.

1. When a document is offered in evidence, and is competent on one theory of facts in dispute, and incompetent on another theory of such facts, the court should admit it subject to being disregarded if the matters of fact be ultimately determined adverse to its competency.
2. Fraud in the procurement of signature to a written contract by misrepresentation of its contents may be shown by parol, but is barred as a defense by the supplement of 1910 to the District Court act (*Comp. Stat.*, p. 1971, *pl.* 61b) in cases where specification of defenses is demanded and such defense is not specified.

On appeal from the Supreme Court, whose *per curiam* is as follows:

"This is a defendant's appeal from a judgment rendered in the Hoboken District Court. The plaintiffs below were real estate brokers. They instituted this suit to recover a commission of two and one-half per cent. on the sum of $13,500. The defendant, Fannie Bloch, had signed the following authorization:

" 'Dated September 18, 1922.

" 'Marsella Bros.

" 'In consideration of your listing and undertaking to sell my premises described above for the sum of $13,500, or any other sum which I may accept, I hereby authorize you to sell same, and agreed to pay you two and one-half per cent. of the purchase price as your commission, upon procuring a purchaser, or having notified the purchaser of property for sale as listed, in the event of him or her purchasing said property.

" 'I also agree to give you sole and exclusive right to sell the above premises for the term of thirty days, and further

agree that your exclusive right to sell shall not terminate at the expiration of said term unless I notify you in writing to that effect.

"'(Signed) Mrs. F. Bloch.'

"This authorization had been left with Mrs. Bloch by the plaintiffs, and later it was delivered to them, signed by the defendant. The plaintiffs claim that they procured a purchaser, Mr. Walter, for the property for the sum of $13,-500, which was the price fixed in the authorization. The state of the case was settled by the judge of the District Court. He found that the contract had been entered into by the defendant; that it had not been revoked prior to the day the plaintiffs produced the purchaser, and that the plaintiff had produced a purchaser ready, able and willing to purchase the property for $13,500. From the judgment rendered for the plaintiffs for $337.50, and costs, the defendant below has appealed to this court.

"The first ground of appeal argued is that the court refused to admit in evidence a notice dated August 9th, 1923, revoking the authorization for the sale of the property. This was signed for the defendant by her daughter, who was an attorney-at-law. It was drawn up and served during the interview, when Harry Marsella, one of the plaintiffs, informed the defendant that he had a purchaser, Mr. Walter, ready, willing and able to take the property at the price fixed in the authorization. It was excluded because the court found as a fact that the notice was written and served after the plaintiffs had rendered their service in finding a purchaser in accordance with the terms of the authorization, and the revocation could not affect their rights.

"The second ground of appeal argued is that the court erred in refusing to permit the defendant to testify respecting conversations had with the plaintiffs which would tend to show that she was told that the contract ran only for two weeks. The trial court ruled properly in excluding this testimony. This testimony contradicted the written instrument. Parole testimony to contradict a written instrument

is not admissible. *Naumberg* v. *Young,* 44 *N. J. L.* 331; *Loxley* v. *Studebaker,* 75 *Id.* 599, 608.

"The next ground of appeal argued is that the court erred in examining Mr. Walter at the trial as to his willingness and ability to purchase the property. We think the court was within its rights in this respect, and see no error in this respect. Furthermore, there appears to have been no objection made to the examination. There is therefore no determination from which an appeal can be taken.

"The fourth ground of appeal argued is the refusal of the court to admit in evidence a deed for the purpose of showing that Mrs. Bloch was not the sole owner of the property. The plaintiff had made a demand for specifications. It therefore was proper for the trial court to refuse to admit the deed on this ground. Moreover, if the court had admitted the deed, its admission would not have relieved Mrs. Bloch from the obligation of her contract. *Kruse* v. *Ferber,* 91 *N. J. L.* 470.

"The issues were questions of fact. The District Court decided these questions in favor of the plaintiffs. These findings will not be disturbed in this court, where, as in this case, there appears to have been evidence to sustain them. *Resky* v. *Meyer,* 98 *N. J. L.* 168.

"The judgment is affirmed, with costs."

For the appellant, *Edward Stover.*

For the respondents, *William B. Stites.*

The opinion of the court was delivered by

PARKER, J. The facts are adequately stated, and the reasons for the affirmance are, for the most part, adequately given in the *per curiam* opinion of the Supreme Court. We conclude that there should be an affirmance in this court, but that a further treatment of one or two points made for appellant is desirable.

1. With respect to the exclusion from evidence of a paper-writing called by appellant's counsel a "notice of revoca-

tion," the Supreme Court seems not to have expressed its own view of the action taken by the trial court. That court certified in the state of the case that the paper had been rejected—first, because Ethel, defendant's daughter, was not her agent, and secondly, that the attempted revocation was after the introduction of a purchaser able and willing to meet the terms of sale. In our view both these reasons were erroneous so far as concerned the mere ruling on evidence, bearing in mind that the trial court was performing the functions of both judge and jury, the question presented for decision at that juncture was whether the judge should as judge admit in evidence a paper which, had there been a jury, should be laid before them for consideration. Both the agency and the qualifications of the purchaser were disputed, and could not be finally settled until the end of the case. As a jury could ligitimately have found that Ethel was invested with authority, and that the purchaser, Walter, did not meet the requirements, and as these were questions for the court acting as a jury to settle on all the evidence, and not in the middle of the trial, the paper, if properly phrased as a revocation, was admissible on the theory that the facts ultimately found might support it. The point is not unlike that determined in *Weston Co.* v. *Benecke,* 82 *N. J. L.* 445, where the judge, sitting without a jury, directed a nonsuit, and we held that while he might legitimately find at the end of the case that plaintiff was not entitled to recover, it was error to nonsuit when a disputed question of fact was presented. In *Starr* v. *Torrey,* 22 *Id.* 190, 194, a letter was admitted in evidence, although produced from the custody of the sender instead of that of the addressee, upon testimony being given explanatory of the fact that it had actually been mailed to the latter. In short, where the competency of a document as evidence is a mixed question of law and fact, and the matters of fact are such as ought to be submitted to the jury and not determined by the court, the document should be received in evidence and submitted to the jury, with proper instructions to disregard it if they find the facts adverse to its competency. No different rule

should obtain merely because a jury is waived and the trial is conducted throughout by the court.

But though the reasons for exclusion at the time of offer were erroneous, the exclusion itself was not. The plain language of the paper, as will be seen by turning to the *per curiam* of the Supreme Court, shows that it is not a revocation of a broker's authority, but of an "option." And, as plaintiffs had an agency exclusive until revoked in writing, nothing short of a written revocation of that authority would terminate it.

2. The Supreme Court upheld the exclusion of the parol testimony, that when defendant signed the authority she was told that it ran only for two weeks, and this on the ground of parol testimony varying a written instrument. If defendant was induced to sign by a fraudulent misrepresentation of the contents of the paper, parol testimony is competent to show that. *Alexander* v. *Brogley*, 63 *N. J. L.* 307; *Fagan* v. *Central Railroad Co.*, 93 *Id.* 203. But the trial court properly put its exclusion on the ground that the specification of defenses furnished, pursuant to the act of 1910, page 496, section 2 (*Comp. Stat., p.* 1971, *pl.* 61*b*), did not set up fraudulent procurement as a defense. It is argued that such a claim should be considered whether specified or not, but with this we cannot agree. Where plaintiff in a District Court relies on a written contract, fraudulent procurement thereof is a defense, and must be specified if a specification is demanded, or it will not be available at the trial.

As to the other points involved, we concur in the *per curiam* opinion of the Supreme Court. The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.