CHARLES A. DOE, RESPONDENT, v. CHARLES F. EGGLESTON, APPELLANT.

Submitted October 26, 1928—Decided May 20, 1929.

On appeal from the Supreme Court in which the following per curiam was filed:

"This suit was brought to recover $1,400 with interest from August 20th, 1925, a real estate broker's commission, alleged to have been earned under a written agreement dated June 20th, 1925. The following are the pertinent clauses: "five per-centum (five per cent.) on the gross amount of the purchase price for effecting this sale, to be paid at settlement," final settlement shall be made on or before August 20th, 1925. Time is of the essence of this agreement.

"The trial resulted in a directed verdict in favor of the plaintiff for $1,570. The defendant filed nine grounds for a reversal of the judgment. The first six allege errors by the trial court in refusing to nonsuit the plaintiff and in directing a verdict in favor of the plaintiff. The seventh, eighth, and ninth refer to trial errors in admitting and rejecting testimony. We find no error here, but if this is not so, the rulings could not change or affect the result reached by the trial court. The ruling of the trial court in directing a verdict was based upon the construction of the written agreement above stated, viz., that it does not provide a contingency upon which payment is to be made, but falls under that class of cases, where it is held, that it fixes a time merely. That is a matter of law and no question arises for a submission to the jury. We think the ruling of the trial court is supported by the reported cases from the New Jersey Courts, such as *Mahlenbrock* v. *Stonehell Realty Co.*, 104 *N. J. L.* 176; *Haber* v. *Goldberg*, 92 *Id.* 367; *Steinberg* v. *Mindlin*, 96 *Id.* 206; *Klipper* v. *Schlossberg*, *Ibid.* 397.

"A real estate broker earns his commission, when he secures a buyer on the seller's terms. *Steinberg* v. *Mindlin, supra.*

"Finding no error in the record the judgment of the Cape May County Court of Common Pleas is affirmed."

For the appellant, *John D. McMullin.*

For the respondent, *F. Stanley Kreps.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KALISCH, CAMPBELL, MCGLENNON, HETFIELD, DEAR, JJ. 8.

*For reversal*—WHITE, VAN BUSKIRK, KAYS, JJ. 3.