ROBERT L. STEVENS, PLAINTIFF-RESPONDENT, v. OSCH-
WALD REALTY CORPORATION, DEFENDANT-APPEL-
LANT.

Submitted May 13, 1932—Decided October 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE
and DONGES.

For the appellant, *Quinn, Parsons & Doremus.*

For the respondent, *Joseph F. Mattice* and *William J.
O'Hagan.*

PER CURIAM.

This is an appeal from a judgment of the Monmouth
County Court of Common Pleas entered upon a verdict di-
rected in favor of the plaintiff by the trial judge. The suit
was by a real estate broker upon a contract to pay a com-
mission for the renting of property of the defendant by him.
The contract reads as follows:

"In the event of your bringing about the renting or sell-
ing of my property you will be recognized as a licensed real
estate broker and entitled to your regular commission of five
per cent. of the amount of the rent or of the sale."

The property was a lot in Red Bank. The plaintiff brought
together defendant and the Mileage Gas Corporation, and as
the result of negotiations a lease was entered into. The lease
provided that the defendant should obtain a permit to con-
struct and should construct a gasoline service station upon
the premises. The term was to begin five days after the com-
pletion of the building. It further provided that if the build-

ing permit were not obtained within sixty days, the lessee should have the option of voiding the lease. The Mileage Gas Corporation supplied the defendant with plans for the service station and the building permit was applied for. It was denied on the ground that the plans did comply with the local building ordinance. Defendant requested the Mileage Gas Corporation to supply new plans. This was not done; no renewal of the application was made; and after the sixty-day period the Mileage corporation declared the lease void.

The plaintiff demanded his commission and, upon failure to receive it, instituted the instant suit. At the close of the evidence the trial judge directed a verdict for the plaintiff, which is the action here under review, the defendant-appellant asserting that the trial court should either have directed a verdict for it or should have submitted the case to the jury.

The contract required the plaintiff to bring about the "renting" of the property. If he did precisely this, he is entitled to recover, otherwise not. The question is whether the execution of this lease, with the provisions which might void it before any benefit to the parties, was a "renting" of the property.

The defendant treats the lease as a conditional agreement to rent, but it cannot be so regarded. It was a complete instrument containing the whole contract for the whole term.

It has been held, in cases dealing with contracts between landowners and brokers for the sale of lands and payment of commission, that the words "sell" and "selling" mean no more than to procure a purchaser upon the owner's terms. *Lindley* v. *Keim,* 54 *N. J. Eq.* 418; 34 *Atl. Rep.* 1073; *Freeman* v. *Van Wagenen,* 90 *N. J. L.* 358; 101 *Atl. Rep.* 55. This must also be true of the words "rent" and "renting." If so, the plaintiff performed his part of the contract when he brought the defendant a prospective tenant upon the defendant's terms; and the subsequent failure of a condition in the lease cannot defeat his right to a commission. The landlord agreed to the terms and made a binding contract. If he violated it, he cannot complain. If the lessee violated it, the lessor has his remedy.

We think the judgment is proper because the execution of the lease was a "renting" within the meaning of the contract, and because a "renting" was accomplished, within the meaning of the law, when the broker brought the defendant a person willing to rent upon its terms. Upon the proofs, there was no dispute upon the essential point, namely, that plaintiff procured a tenant with whom appellant contracted.

The judgment is affirmed, with costs.