JOSEPH B. McCOURT, RESPONDENT, v. GUISEPPE PETAGNA, APPELLANT.

Argued January 20, 1948—Decided February 13, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellant, *Louis G. Morten.*

For the respondent, *Nathan Zeichner* and *Howard Engel.*

The opinion of the court was delivered by

BODINE, J. This is an appeal from the District Court. The plaintiff in that action was a broker and he sued for

commissions earned in procuring purchasers for a store and a three family building situate at 413 Washington Street, Hoboken, New Jersey.

The first exhibit is the ordinary exclusive agency agreement for the period of three months and longer unless terminated in writing (it seems not to have been till November 16th, 1946). It bears date August 16th, 1946, and calls for payments of commissions at the rate of five per cent. of the selling price. This agreement was still in effect when .the broker introduced to the owner Herman F. Hinrichs and William Luckert. At all events, after the introduction, the owner of the premises signed the following receipt:

"Hoboken, N. J.
Nov. 6 - 1946

"Received of Herman F. Hinrichs and William Luckert the sum of Two Hundred & 00/100 ($200.00) Dollars as deposit for the purchase of premises located at 413 Washington St., Hoboken, N. J. for a price of $19,000.00. It is expressly understood that this price include all equipment in kitchen and furniture and fixtures in the store as well as the transfer of plenary retail consumption license No. C153 by the City of Hoboken.

"The terms of the sale are: one-half cash or $9,500—less the amount herewith and additional deposit on contract. I am to give" (we suppose take) "a purchase money mortgage in the amount of the balance due which is $9,500—for a period of ten (10 yrs) with interest at five (5) per cent payable quarterly together with an installment on the reduction of mortgage.

"The commission due the office of Joseph McCourt is Five Hundred & 00/100 ($500.00) for procuring the within named purchasers.

GUISEPPE PETAGNA."

Thereafter Petagna wrote to McCourt, the broker, a letter which was enclosed in an envelope postmarked November 16th, 1946, and was as follows:

"Mr. Joseph B. McCourt,
1720 Bergenline Avenue,
Union City, N. J.

Sir:

This is to advise you that the receipt which you had me sign sometime ago, a copy of which I received the other day contains conditions which were not fully explained to me.

Under the circumstances, I have decided not to accept the offer by the party which you produced to me, for it is not in accordance with the terms of our agreement, which expires, by the way, on the 16th instant.

You are therefore, further advised that you are no longer, from the 16th day of November, 1946, authorized to procure any buyer pursuant to the said aforementioned agreement between you and myself.

I am returning to the prospective purchaser, the check which was handed to me at the time that I signed the receipt which, as I said before, was not fully explained to me.

Yours very truly,
GUISEPPE PETAGNA."

On the same day, the owner of the premises mailed to one of the purchasers, the following letter:

"Herman F. Hurichs,
c/o Nathan Zeichner
34 Newark Street,
Hoboken, N. J.

Sir:

I received for the first time, a copy of the receipt that I was induced to sign, and I find that it is not in accordance with the terms of our agreement, and therefore, inasmuch as there was no legal tender given to me at the time I signed the receipt, I will consider our arrangement set forth in said receipt of mine, as null and void.

I therefore return to you your check for $200.00 which I did not deposit for the reasons that I desired to first examine the terms of my receipt. The contents of said receipt were

not fully explained to me and I therefore consider our relations at an end.

Yours very truly,<br>
GUISEPPE PETAGNA."

The sale was not consummated. The defendant never had the contracts for sale prepared by his attorney as he undertook to do, nor were they ever tendered to the purchasers.

The purchasers testified that they were always ready and willing and able to purchase the property and secure the transfer of the liquor license.

It is to be noted that the receipt of November 6th, 1946, definitely states that: "The commission due the office of Joseph McCourt is Five Hundred & 00/100 ($500.00) for procuring the within named purchasers."

The exclusive agency agreement called for commissions at five per cent. upon the purchase price. The agreement to take a less sum than that which would be due, if the contract was consummated, finds consideration to support it.

We are, therefore, of the opinion that the judgment of the District Court was correct. We are not unmindful of the many cases to the effect that a contract for the sale of real estate is not complete until the final written instrument has been delivered. This, however, is not a suit for specific performance of a contract, but is a suit on a contract undertaking to pay $500.00 for procuring the named purchasers who were at all times ready and willing to complete the purchase upon the terms set forth in the receipt of November 6th, 1946. This was a complete undertaking in writing to pay a definite amount. The appellant therein declared the commissions due for procuring the purchasers at a less sum than that specified in the exclusive agency agreement. This he could do but may not repudiate.

The judgment will be affirmed, with costs.