32 N.J. Super. 443 (1954)
108 A.2d 648
IRVING WINTER, DOING BUSINESS UNDER THE NAME OF "COLONY REALTY CO.", PLAINTIFF-APPELLANT,
v.
WILLIAM J. TOLDT AND GRACE M. TOLDT, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 1954.
Decided October 25, 1954.
*445 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Robert G. Leff argued the cause for the plaintiff-appellant.
No appearance for defendants-respondents.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The plaintiff instituted this action for the recovery of a broker's commission on the sale of defendants' property.
The appeal is presented on the Essex County District Court's statement of facts, findings of fact and conclusions of law. The respondent failed to file an answering brief.
We find no substantial discord in the facts. The plaintiff produced a customer, to whom the following receipt was given by defendants for his initial deposit of $50:
"Mrs. Toldt agrees to sell the property at 38 Coit Street, Irvington, N.J. to Mr. Joseph Scola for 15,500. Mrs. Toldt accepts a deposit of 50 dollars in cash. The deposit is tendered subject to the drawing of suitable contracts.
 Grace Toldt
 s/ Grace Toldt
 s/ William Toldt"
In conformity with the receipt, a written agreement was prepared and executed by the sellers and the buyers, which, inter alia, provided for a down payment of $1,500, and for the payment of the plaintiff's commission in the following language:
"And the Seller hereby agrees to pay to Irving Winter a commission of 5% on the purchase price aforesaid, said commission to be paid in consideration of services rendered in consummating this sale; said commission to become due and payable upon the execution of the deed and the closing of title."
*446 At the time the owners executed the agreement, the plaintiff took into his possession the original copy, suggesting to the defendants that they hold the purchasers' executed copy until they had paid the $1,450 balance of the down payment. This balance was never paid, although the plaintiff urged the Scolas to do so, finally informing them they must put up the balance of the deposit, and an opportunity was given them to do so upon their promise to withdraw the money from their savings, but the promise was never fulfilled. It was only after the plaintiff had seemingly exhausted his endeavors to persuade the buyers to consummate the transaction and the defendants had refused to adopt his recommendation to institute an action for specific performance, that the plaintiff discontinued his further efforts to close the transaction. Later, the plaintiff, learning that the defendants had sold and conveyed the property to the Scolas, demanded payment of his commission, which, upon refusal of defendants, this action was brought.
The court found that
"* * * the plaintiff had not produced a purchaser that was ready, willing and able to purchase upon the terms agreed upon; that the writings, * * * were not, in legal effect, contracts and were not binding upon either of the parties mentioned therein for lack of complete execution or delivery; that the plaintiff had voluntarily terminated his negotiations between the Scolas and the defendants and thereafter, the defendants were free to negotiate with any broker or prospective purchasers, including the Scolas; that, with reference to the subsequent negotiations with the Scolas, through the said Mr. Vitale, the plaintiff was not the efficient or procuring cause of the sale and, therefore, judgment was entered in favor of the defendants."
The defendant, William J. Toldt, testified that the said property had been listed by him and his wife as testified to by the plaintiff and that two copies of the contract of sale had been signed by them and delivered to them and were told by the plaintiff to hold them until they received the balance of $1,450 of the deposit; that they were told later that the Scolas would not purchase the property; that in October 1952 the plaintiff told them that if they did not receive the additional $1,450 there was no contract; that *447 they waited six months and then sold the property through another broker to the Scolas, and paid a broker's fee of $700. On cross-examination, he testified that the second broker who brought the Scolas around about six months after the plaintiff's deal had been cancelled, knew they had been produced previously by the plaintiff; that he told him that the same people had previously signed contracts and he said he would get in touch with Mr. Winter.
By virtue of an agreement with the seller, in the absence of a special agreement, the broker earns his commission when he secures a buyer on the seller's terms either as originally propounded or as settled by agreement between the seller and buyer. Hinds v. Henry, 36 N.J.L. 328 (Sup. Ct. 1873); Freeman v. Van Wagenen, 90 N.J.L. 358 (Sup. Ct. 1917); Feist & Feist, Inc., v. Taub, 105 N.J.L. 237 (E. & A. 1928); Doe v. Eggleston, 106 N.J.L. 565 (E. & A. 1929); Alexander Summer Co. v. Weil, 16 N.J. Super. 94 (App. Div. 1951); Richard v. Falleti, 13 N.J. Super. 534 (App. Div. 1951).
When the terms of sale are agreed upon, the broker is entitled to his commission notwithstanding the seller's default. Cohen v. Scola, 13 N.J. Super. 472 (App. Div. 1951). Nor may the broker's right to his commission be defeated by the buyer's eventual financial inability to perform. Cohen v. Scola, supra; Richard v. Falleti, supra; Freeman v. Van Wagenen, supra; Matz v. Bessman, 1 N.J. Misc. 5 (Sup. Ct. 1923); Brindley v. Brook, 10 N.J. Misc. 612 (Sup. Ct. 1932); 6 Rutgers L. Rev. 206; 12 C.J.S., Brokers, § 85, p. 188; Id. § 58, p. 132.
In the instant case, there was no lack of complete execution and delivery. It clearly appears there was a complete meeting of the minds upon all the terms necessary to effectuate a binding agreement. The initial receipt given to the purchasers comprehended the essential terms. Pomeroy's Specific Performance (3d ed.), sec. 63, p. 20. The subsequent executed agreement, although retained by the seller, merely added all of the usual terms of such an agreement. We are convinced it was the intent of both parties to *448 be bound by the executed agreement. Monahan v. McElligott, 136 N.J. Eq. 306 (Ch. 1944), affirmed 137 N.J. Eq. 176 (E. & A. 1945). The record fails to disclose that payment of the balance of the down payment was a condition precedent to the agreement. Such a condition precedent, if it ever did exist in the minds or understanding of the sellers was never communicated to the buyers. It is the exchange of promises which make the consideration of the contract, not the performance of these promises, unless the parties by the terms of the contract or necessary intendment of the agreement, make performance on the one side a condition precedent to performance on the other. Rothman Realty Corp. v. MacLain, 21 N.J. Super. 172 (App. Div. 1952).
The terms "sale" and "conveyance" are not synonymous unless there is an express agreement to that effect. Freeman v. Van Wagenen, supra; Matz v. Bessman, supra; Steinberg v. Mindlin, 96 N.J.L. 206 (E. & A. 1921). The agreement before us expressly provides that the plaintiff's commission was to be paid "in consideration of services rendered in consummating this sale." There was the further provision that the commission was to become payable "upon the execution of the deed and the closing of title." That provision did not qualify plaintiff's right to his earned commission, it merely postponed the time for its payment. To entitle him to his commission the plaintiff was not required to place any reliance upon the fact that the Scolas took title later through another broker. His right thereto had already been perfected. Richard v. Falleti, supra; Dermody v. New Jersey Realties, 101 N.J.L. 334 (E. & A. 1925). As stated in Matz v. Bessman, supra, 1 N.J. Misc., at page 6:
"* * * We do not think that the language of the contract in the present case is sufficient to attach to the word `sale' any meaning that involves the consummation of a conveyance and collection of the proceeds, but that after the broker procured the customer and the defendant accepted him, the broker was not an insurer of either the solvency or the willingness of the customer."
In the case of Dermody v. New Jersey Realties, supra, a broker suing on an agreement that was expressly conditioned *449 on passage of title, was held to be entitled to his commission after the buyer repudiated the contract and title did not pass.
We disagree with the trial court's conclusion that the contract was not a legal contract binding upon the parties for lack of complete execution and delivery. Heretofore we have set forth our views respecting the execution of the contract. Delivery thereof was not essential to make it binding. Nor is there any proof that delivery was made an essential term. When the Scolas executed it, they did not request that it be held in escrow  they clearly intended and expected to be bound. But assuming arguendo that the buyer and seller had intended and agreed that delivery was essential, the right of the broker to his commission does not depend upon delivery of the executed contract. Kelly v. Demorest, 95 N.J.L. 35 (Sup. Ct. 1920).
The plaintiff's right to his commission may not be defeated on the theory that he had voluntarily terminated his employment. He made every effort to consummate the transaction and only discontinued those efforts after the defendants' refusal to institute an action for specific performance. As a matter of fact, he had concluded his endeavors when he brought the parties together and they executed the contract in question. There was really nothing further for him to do. See LaVerde v. Impagliazzo, 125 A. 284 (R.I. Sup. Ct. 1924); Weinstein v. Clementsen, 20 N.J. Super. 367 (App. Div. 1952).
We are persuaded that plaintiff was the procuring and efficient cause of the sale and the one who produced the Scolas. Resky v. Meyer, 98 N.J.L. 168 (E. & A. 1922). Just because the buyer and seller got together and made a subsequent or different arrangement, the plaintiff may not be deprived of his commission. Vreeland v. Vetterlein, 33 N.J.L. 247 (Sup. Ct. 1869); Somers v. Wescoat, 66 N.J.L. 551 (Sup. Ct. 1901); Weeks v. Smith & Sons Co., 79 N.J.L. 388 (Sup. Ct. 1910).
Judgment reversed, and remanded with the direction that judgment be entered in favor of plaintiff in the sum of $775, together with costs.