62 N.J. Super. 470 (1960)
163 A.2d 163
PATRICK L. HEDDEN AND LAWRENCE R. HEDDEN T/A PATRICK L. HEDDEN AGENCY, PLAINTIFFS-APPELLANTS,
v.
FRANK J. FOLIO AND RUTH FOLIO, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 21, 1960.
Decided July 13, 1960.
*471 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. Richard C. McDonough argued the cause for plaintiffs-appellants (Messrs. McDonough & Sullivan, attorneys).
Mr. William P. Elliott argued the cause for defendants-respondents (Messrs. Bunker, Elliott & Mooney, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This action grows out of a dispute as to whether defendants are liable to plaintiffs for a real estate brokers' commission. On a motion to dismiss made at the conclusion of the plaintiffs' case, the trial court ruled that the commission never became payable and entered judgment in favor of defendants. Plaintiffs appeal.
The case is presented to us on an agreed statement in lieu of record from which we glean the following: On October 21, 1958, one Stuart H. Keyes of Vermont as purchaser, and defendants as sellers, entered into a written *472 contract covering certain real property located in South Plainfield, New Jersey. The agreement fixed a purchase price of $15,800, and also provided that it was subject to the purchaser's obtaining by January 5, 1959 a conventional 20-year direct reduction plan mortgage for $10,800, with interest at 5 3/4%. It was further provided that the $1,000 deposit made by the purchaser was to be held in escrow by the realtor and paid to the sellers if the mortgage contingency was met. Closing date was on or before February 5, 1959.
The agreement recognized Patrick L. Hedden as the realtor on the contract. However, it was stipulated at the trial that plaintiffs were "the realtors who effected said sale." The agreement contains the following commission clause:
"The Seller agrees to pay the named Realtor, for services rendered in procuring this sale, a commission of 6% on the purchase price, same to be due and payable at time of closing and passing of title."
On October 22, 1958, upon entering into the aforesaid contract, the purchaser made application to the Queen City Savings and Loan Association of Plainfield for a mortgage loan in accordance with the terms and conditions of said contingency. On October 30, 1958 said Savings and Loan issued a commitment, expiring 60 days from date, for a mortgage on the terms of the application. The commitment required written acceptance by the applicant before becoming effective. Upon issuance of the commitment the $1,000 deposit was delivered to defendants by the realtor.
Shortly after the commitment was issued the purchaser notified the realtor that "he didn't want the property, that he wasn't going through with the deal," and the mortgage commitment was never accepted. Defendants, through their attorney, attempted to bring about a closing, even to the point of making time of the essence and setting February 5, 1959, as the closing date. The purchaser, however, did not *473 appear at the time and place fixed, and the sale was not consummated.
At the trial an officer of the Savings and Loan testified that the commitment could have been extended but that no such request was made in this instance.
In its letter opinion the trial court stated that the buyer was never ready, able and willing, and further that the mortgage commitment expired before title was closed. In view of the provision in the contract dealing with a realtor's commission, the court concluded that said commission never became payable. The trial court did not specifically rule that the mortgage contingency provision had not been satisfied, but the opinion of the court indicates that it based its ruling in part on the fact that the mortgage commitment had expired.
This basis was unsound. While the contract was contingent on the purchaser's arranging for a specified mortgage loan, the loan was arranged and a mortgage commitment obtained. True, it expired by its terms on December 30, 1958, but there was no point to extending it, as could have been done according to the testimony, because the purchaser almost immediately announced that "he wasn't going through with the deal" and refused to accept the mortgage commitment. It is obvious that the reason for the purchaser's failing to complete the transaction was not his inability to arrange a mortgage loan.
The trial court also held that Mr. Keyes was not a ready, willing and able buyer. Although the opinion does not indicate the reason for this ruling, defendants submit that it is correct because of the provision in the contract making it contingent on the purchaser's arranging for a mortgage loan. We have already pointed out that a mortgage was available to the purchaser. Defendants also assert that the ruling is correct because the purchaser had to sell other realty in Vermont in order to raise sufficient funds with which to complete the transaction. This information appears in a letter, marked in evidence, from defendants' *474 attorney to Mr. Keyes' attorney, in which reference is made to an alleged assertion by Mr. Keyes that the contract was conditioned upon his selling property in Vermont. Defendants refer to this letter not for the purpose of claiming that in fact the contract was thus legally conditioned, but rather to show that the purchaser was not ready, able and willing.
This bit of evidence is indefinite and inconclusive at best, and not capable of sustaining defendants' theory. Moreover, it is settled that once the seller accepts the buyer by entering into a contract of sale, he is considered to have accepted the financial ability of the buyer to perform, and the broker is entitled to his commission even though the buyer eventually proves to be financially unable to perform. Winter v. Toldt, 32 N.J. Super. 443 (App. Div. 1954); Richard v. Falleti, 13 N.J. Super. 534 (App. Div. 1951); 4 Williston, Contracts (rev. ed. 1936), § 1030A. Of course the seller may, by the use of appropriate language, condition the broker's right to a commission on the actual transfer of title and payment of the purchase price.
The main issue on this appeal is the interpretation of the commission clause in the contract. Generally, absent a special agreement as above noted, a broker earns his commission when he produces a buyer able and willing to buy on the seller's terms, and once the seller accepts the buyer by entering into a binding contract with him, the broker is entitled to his commission. Richard v. Falleti, supra. Some agreements provide that the broker is to be paid on the signing of the contract; others specify that the commission is to be due and payable at the time title closes. This latter type of provision has been construed to mean that the commission is earned when the contract of sale is made but time for payment is deferred until title closes. J.R. Tucker, Inc. v. Mahaffey, 6 N.J. Misc. 17 (Sup. Ct. 1928); Winter v. Toldt, supra. In these contracts the term "sale" has been construed to mean a contract of sale and not the conveyance of title. Winter v. Toldt, supra.
*475 The third type of agreement actually conditions the broker's right to a commission on the actual passing of title ("if, as and when title to the property actually passes") Blau v. Friedman, 26 N.J. 397 (1958). The inquiry herein, therefore, is whether the commission clause under consideration conditions the brokers' right to a commission on the actual "closing and passing of title," or whether such language merely fixes the time for payment of the commission which was earned when the contract of sale was executed.
In the instant controversy there is the added factor, not present in other cases, that prior to its execution changes had been made in the provisions of the contract dealing with the realtor's commission. The language finally adopted was that the seller "agrees to pay * * * for services rendered in procuring this sale, a commission of 6% on the purchase price, same to be due and payable at time of closing and passing of title." The phrase "procuring this sale" has not been construed heretofore in this State, although there are many cases holding that where the commission is for "procuring" a purchaser, the broker earns his commission by producing a buyer even though no sale is consummated. McCourt v. Petagna, 136 N.J.L. 459 (Sup. Ct.), affirmed on opinion below 137 N.J.L. 611 (E. & A. 1948); Marsella v. Bloch, 101 N.J.L. 115 (E. & A. 1925).
Defendants insist that the changes relating to the payment of a commission which were made in the printed form of contract prior to execution make it clear that plaintiffs' right to a commission was contingent upon the passing of title. At the trial defendants attempted to show what these changes were, but on objection by plaintiffs' attorney this evidence was excluded.
Our view of the case is that the commission clause finally agreed on was ambiguous and did not indicate with clarity whether the brokers' right to a commission was contingent on the actual closing and passing of title or whether the *476 commission was earned as soon as the contract was executed, payment thereof to be made at the time of closing. Respectable authorities can be cited to support either construction. Winter v. Toldt, supra; Clark v. Jelsma, 40 N.J. Super. 58 (App. Div. 1955). In this situation the trial court should have permitted defendants to establish what changes had been made in the commission clause, the reason for such changes and what, if anything, was said at the time in order that the intention of the parties with respect to the obligation to pay a commission on this particular transaction might be assayed intelligently.
It may be that the trial judge's construction of the clause will eventually prove to be correct, and his conclusion that under the contract the commission never became payable will be sustained. However, at the conclusion of plaintiffs' case and on the record then before him, we hold that the trial judge was not justified in ruling that as a matter of law the intent of the parties as expressed in the contract was that plaintiffs' right to a commission was contingent on the actual closing and passing of title.
Remanded for a new trial in conformity with this opinion.