# DAVID M. NEWBOLD *vs.* THOS. J. HAYWARD ET AL.

*Legal Sufficiency of Evidence in Action For Breach of Contract.*

In this case plaintiff's evidence was to the effect that he and the defendants were the principal owners of the stock of a corporation which sold certain property to the B. Co.; that this purchaser demanded a personal guaranty from some of the stockholders of the selling company as to a future event; that plaintiff offered to join in the guaranty and defendants accepted his offer, agreeing that he should share equally in any compensation to be allowed by their company for making the guaranty, and that defendants' had received certain compensation, but refused to account with him. The defendants' evidence was a denial of the material part of that offered by the plaintiff and also tended to show that he had waived his right to demand compensation. *Held,* upon the fact, that the plaintiff's evidence, both as to the existence of the contract and as to the alleged waiver, was legally sufficient to be submitted to the jury, and that the trial Court was in error in withdrawing the case from the jury.

Appeal from the Superior Court of Baltimore City (DOBLER, J.)

The cause was argued before McSHERRY, C.J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.)

*John Prentiss Poe* and *Thos. Ireland Elliott*, for the appellant.

*John E. Semmes*, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The pleadings in this case are voluminous, but as the questions presented by the appeal arise upon the rulings of the Court on the prayers, we deem it unimportant to set them out in full, but shall refer to them in so far as it may be necessary for the purposes of this decision.

The suit was brought by the appellant against the appellees to recover for the breach of an alleged contract whereby the

latter was to deliver to the former certain shares of the capital stock of the City and Suburban Railway Company of Washington under an alleged contract of guarantee given by them to the Baltimore Trust and Guarantee Company.

The basis of the action is the alleged guaranty, as contained in the following letters :

*Baltimore,* August 25, 1898.

Mr. N. P. Bond,

*My Dear Sir:*—As I understand it Hayward, Parr, Scott and yourself guarantee to the Davidson Co., that the amount of the bonds underwritten by them will complete the city and suburban enterprise in Washington, in conformity with the contract with them, and should it fail to do so, then you four gentleman are to make it good.   To the extent of 1-5 which would be my proportion I am willing to accept the same risk they do ; of course if there are others in this guarantee it lessens my responsibility and pay in like proportion of whatever we get for this guarantee, it being distinctly understood that for assuming such risk adequate compensation be allowed us.

Please communicate this to the gentlemen interested.

Respectfully,

D. M. NEWBOLD.

*Baltimore,* September 24, 1898.

D. M. NEWBOLD, ESQ., Baltimore,

*Dear Mr. Newbold:*—Referring to your letter of August 25, 1898, addressed to Mr. Bond, I beg to say that it is understood that you assume the same liability as any one of the guarantors, and that you shall share equally with them any compensation which may be allowed them for entering into the contract of guarantee.

Yours truly,

T. J. HAYWARD,

*For Guarantors.*

Briefly stated, the facts out of which the controversy arose are as follows :

On or about the 11th day of October, 1897, a corporation was formed in the city of Baltimore, called the Baltimore Security and Trust Company, the appellant and appellees being the principal stockholders.   The object and purpose of its incorporation was to purchase an option on the Columbia and Maryland Railway.   Shortly after the incorporation it pur-

chased this railway, which at the time included a majority of the capital stock of the City and Suburban Railway of Washington.

Subsequently, the stock of the security company was increased and the Baltimore Trust and Guarantee Company, a corporation of the city of Baltimore, purchased the bonds of the City and Suburban Railway under an agreement and guarantee, on the part of certain directors of the Security Company that the proceeds of the bonds would be sufficient to convert certain street horse car railways of the City and Suburban Road into electric roads. The enterprise proved very successful and shortly afterwards, a stock dividend of four and a-half dollars in stock of the City and Suburban Railway for each dollar paid into the Security and Trading Company was distributed among the holders of the stock of the Security Company, after the payment for certain services rendered to the company. The appellant contends:

(1) That he was equally liable as guarantor to the Baltimore Trust and Guarantee Company and that under the contract, he was entitled to share in the compensation and profits.

· (2) That the guarantors entered into a contract with him, to share the reponsibility of the guaranty and in consideration thereof promised to pay him, and

(3) That the defendants have been paid by the Security Company for their services but have refused to pay him.

The appellees on the other hand contend, as stated in their brief, that they never received any compensation for the guaranty and that a resolution was introduced by the plaintiff and voted for by him at the directors and stockholders meeting, under the terms of which the guarantors were required to release the Security Company from all liability, which the majority of the guarantors were unwilling to do, and that the guarantors were not entitled to compensation, and they deny the liability claimed by the appellant.

At the trial below the plaintiff offered five prayers, all of which were refused. The defendants offered twelve prayers, all of these were rejected except the first and second.

It will be thus seen that the questions for our consideration arise upon the rulings of the Court on the rejection of the plaintiff's prayers, and the granting of the defendants' first and second prayers, and to a special instruction given by the Court.

The defendants' prayers, as granted, and the special instruction of the Court practically withdrew the case from the jury. These prayers were in the nature of a demurrer to the evidence and were a concession of the material facts, but a denial of their legal sufficiency.

We have carefully examined the record before us, and think that the plaintiff was entitled, under the facts in the case, to have the evidence submitted for the consideration of the jury, and the Court committed an error in withdrawing the case. In *Jones* v. *Jones*, 45 Md. 154, it is said, before a prayer can be granted withdrawing a case from the jury the Court must assume the truth of all the evidence before the jury tending to sustain the claim or defense, as the case may be, and all inferences of fact fairly deducible from it, as on demurrer to the evidence ; and this though such evidence be contradicted in every particular by the opposing evidence in the cause.

The defendants' first and second prayers were therefore erroneous and should have been rejected.     *Roberts & Co.* v. *Bonaparte*, 73 Md. 207.

The special instruction given the jury by the Court raised the questions of waiver and demand.     It is as follows : " The plaintiff having offered at the directors' meeting held October 5th, 1898, the resolution which led to the passage of the resolution of the subsequent stockholders' meeting read in evidence, thereby waived his right to insist upon his claim to the 400 shares of stock in the City and Suburban Company as his proportion of the compensation for the guarantee entered into by the defendants, the condition contained in said last mentioned resolution never having been complied with on the part of the defendants.

"And by this failure to make any demand during the period of the responsibility of the defendants under said guaranty, either upon the Security Company or upon the defendants for

any other measure of compensation for his undertaking with them, he must be held to have acquiesced in the position of the defendants with respect to their compensation for such guarantee, and since the evidence fails to show that the defendants have received any compensation for said guarantee the plaintiff cannot recover in this action."

As to the question of waiver presented by the prayer we need only say, there was a question of fact to be submitted to the jury, and the Court erred in assuming the fact. *Mc-Grath* v. *Gegner*, 77 Md. 339; *Herzog* v. *Sawyer*, 61 Md. 354; *Bollman* v. *Burt*, 61 Md. 422–423.

There was evidence tending to show that a demand had been made upon the defendants under the contract of guaranty, and also evidence tending to show that the defendants had received compensation for the guaranty. These were material facts and should have been left to the jury. The plaintiff was clearly entitled to have the jury pass on facts of which contradictory evidence had been given. There was error in granting this instruction.

This brings us to the consideration of the plaintiff's prayers which, with those offered on the part of the defendants, but not considered by the Court, cover eleven pages of the record. We do not deem it necessary to consider them *seriatim* but think they were all properly rejected, under the circumstances of the case. Conceding that they submitted the correct theory of the plaintiff's case, they at the same time excluded from the consideration of the jury the material facts relied upon by the defendants in support of their defense to the action. These prayers were misleading as tending to emphasize certain portions of the evidence to the exclusion of other evidence in the case and specially excluded and ignored the question of waiver and other defenses, made by the defendants to the suit.

For the reasons, we have given, the judgment must be reversed and a new trial awarded.

*Judgment reversed and new trial awarded, with costs.*

(Decided January 14th, 1903.)