## NORTH AVENUE CASINO COMPANY OF BALTIMORE CITY

*vs.*

## WILLIAM E. FERGUSON.

*Prayers: "no evidence"; amount to demurrer to evidence; trials before court without a jury; prayers including points of law; erroneous. Real estate brokers: commissions.*

A prayer requesting the court to take the consideration of a case from the jury on the ground of lack of evidence is in the nature of a demurrer to the evidence; and if there is in the case any competent evidence legally sufficient to sustain the plaintiff's contention, the prayer should be refused.                    p. 377

A prayer involving the consideration of a point of law is erroneous, even when the case is being tried by the court without a jury.                                              p. 377

Where a real estate broker employed to negotiate a sale has procured a purchaser who has been accepted by the vendor, then, under section 17 of Article 2 of the Code, such broker is entitled to the usual or agreed commission, even though the contract of sale is not actually carried out, provided that the performance of the contract was not prevented or hindered by any act of the broker.                                    pp. 380-381

*Decided March 13th, 1917.*

Appeal from the Court of Common Pleas of Baltimore City. (STUMP, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Albert S. J. Owens,* for the appellant.

*Raymond S. Williams* and *Arthur W. Machen, Jr.,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action of assumpsit by the plaintiff, a real estate broker, against the defendant, to recover commissions, for the sale of certain real estate, known as the North Avenue Casino, or the Arcadia, situate in Baltimore City.

The case was tried before the Court below, sitting as a jury, and the questions for our consideration are presented by a single exception, to the ruling of the Court, in refusing the defendant's five prayers, and in granting the plaintiff's special exception to the defendant's seventh prayer.

The defendant's prayers, except its seventh prayer were in the nature of demurrers to the evidence, and if there was any evidence competent and legally sufficient to sustain the plaintiff's case, they were properly refused.

The defendant's seventh prayer, it will be seen submitted to the Court, sitting as a jury, a question of law and the special exception thereto, for this reason, was properly sustained. *Roth* v. *Shupp,* 94 Md. 55; *Hobbs* v. *Batory,* 86 Md. 70; *Richardson* v. *Anderson,* 109 Md. 650.

The facts of the case are these: The plaintiff a real estate broker of Baltimore City, on the 27th of March, 1915, negotiated a written contract of sale between the defendant and the Order of Boumi Temple Company, a corporation of the State of Maryland, of the property known as the North Avenue Casino or the Arcadia, corner of North avenue and Lovegrove alley, Baltimore City.

The property was subject to two mortgages but the purchaser was required under the contract to pay to the defend-

ant only the difference between the purchase money and the mortgages and to take the fee simple title subject to the mortgages.

The property sold, was also under a five year lease from the defendant to one Maurice Tobin, and by contract of the same date, the receivers of the lessee agreed to sell the leasehold interest to the Boumi Temple Company and each contract was conditional upon the performance of both contracts, so as the purchaser should have a fee simple title to the property.

The purchase price for the property, and chattels, personal property and fixtures was $92,500 and the brokers' commissions of 2½% was included in the purchase price and were to be paid under the contract.

Subsequently, there were certain objections raised by the Boumi Temple Company to the title of the leasehold interest and exceptions filed to the ratifications of the receivers' sale, and they refused to carry out their contract, for certain reasons, stated in the exceptions and set out in the record.

On the 27th of May, 1915, the defendant filed in the Circuit Court of Baltimore City a bill for specific performance of its contract, and in paragraph seven (7) of the bill avers: That the North Avenue Casino Company and the receivers have complied in all particulars with the terms and conditions of their respective contracts of sale to the Boumi Temple Company and have tendered to it a good and sufficient deed therefor, but the latter have refused to take the property upon the alleged grounds that the Court that appointed the receivers was without jurisdiction so to do and further that even if such jurisdiction existed the power of attorney of John Tobin was insufficient to justify him in consenting to the appointment of receivers and that therefore the receivers can not give a good title to the lease and chattels and they demanded a deed of assignment for the same executed by W. Maurice Tobin himself; that while the receivers and the North Avenue Casino Company deny the contentions as to the valid-

ity of the asserted powers of the receivers, they were quite willing in a desire to secure an amicable disposition of the matter to obtain a deed signed by W. Maurice Tobin, that accordingly, at an expense of several hundred dollars, they finally located the W. Maurice Tobin and secured from him a deed of assignment of the lease and of the rights and privileges conferred thereby as well as to all other property of W. Maurice Tobin, located in the premises herein involved; the deed being in favor of the Boumi Temple Company and confirming in all respects the action of the receivers and of the Court; that the deed was tendered to the Boumi Temple Company, a body corporate, along with the deed of the complainant to the fee simple interest but they have arbitrarily refused and still refuse to carry out its undertaking with this complainant and this in the face of the fact that this complainant and also the receivers have expressed a willingness to meet any reasonable condition or requirements that might be imposed by the said defendant in connection with the consummation of the said sale.

By the ninth paragraph of the bill it was further alleged that the North Avenue Casino Company believes that the title to the lease and chattels as conveyed by W. Maurice Tobin and tendered is good and marketable, and that the Boumi Temple Company is legally obligated to accept the same as perfecting the title of the North Avenue Casino Company.

Afterwards it appears that the defendant, in consideration of the receipt of $4,100 in addition to the deposit of $1,250, which it was allowed to retain, released the Boumi Temple Company from the contract and dismissed the bill for specific performance.

The receivers, in consideration of the payment of a further sum of money, and the retention of the deposit upon the execution of the contract, released the Boumi Temple Company, and by consent the exceptions to the sale by the receivers were sustained.

The contention upon the part of the defendant is that there is no evidence to show a valid, binding and enforceable contract of sale between the defendant and the purchaser, because of an alleged escrow agreement which had not been performed, to the effect that the contract should not be operative until a good and merchantable title to the leasehold interest could be conveyed.

The evidence upon this branch of the case is somewhat conflicting. Mr. Fairbank, of the Title Guarantee and Trust Company, testified that, while he had determined that the title to the leasehold interest was not satisfactory, he was unwilling to say that the title was not good and marketable. Mr. Samuel Want, one of the receivers, testified, "that the escrow agreement had been incorrectly stated by Mr. Fairbank in his testimony; that the agreement really was not that Mr. Fairbank should hold the contract in escrow until he should decide the title to be valid, but that he should hold it in his hands until the receivers should obtain from Maurice Tobin a confirmatory deed, a condition with which they had complied."

The plaintiff, we think, was clearly entitled to have the Court, sitting as a jury in this case, to pass on the facts of which contradictory evidence had been given, and the Court below committed no error in rejecting the defendant's prayers. *Newbold* v. *Heyward,* 96 Md. 247; *Jones* v. *Jones,* 45 Md. 154.

The rule of law in this State and now in force as to the right of brokers to commissions, whether or not the contract entered into be actually carried into effect, is provided by section 17, Article 2 of the Code, and is as follows: "Whenever, in the absence of special agreement to the contrary, a real estate broker employed to sell, buy, lease or otherwise negotiate real or leasehold estates or mortgages, or loans thereon, procures in good faith a purchaser, seller, lessor or lessee, mortgagor or mortgagee, borrower or lender, as the case may be, and the person so procured is accepted as such

by the employer, and enters into a valid, binding and enforceable written contract of sale, purchase, lease, mortgage, loan or other contract, as the case may be, in terms acceptable to the employer, and such contract is accepted by the employer and signed by him, the broker shall be deemed to have earned the customary or agreed commission, as the case may be, whether or not the contract entered into be actually carried into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker."

It is clear, we think, that the evidence was legally sufficient to bring the plaintiff's case under the rule of law announced in the section of the Code set out and quoted herein, and to sustain the verdict of the Court, sitting as a jury.

The plaintiff not only negotiated the sale, procured the purchaser at the price named by the defendant, but the plaintiff's commissions were covered by the purchase price. The purchaser was accepted by the defendant, and a written contract of sale was entered into between the parties, in terms acceptable to the defendant, and the performance of the contract was not prevented by any act of the plaintiff. On the contrary, the evidence shows that the defendant retained the deposit of $1,250 and received an additional sum of $4,100 in consideration of the dismissal of the bill for specific performance, and released the purchaser.

Under the plain provisions of the statute, Code, Article 2, section 17, a broker shall be deemed to have earned the customary or agreed commissions, as the case may be, whether or not the contract entered into be actually carried into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker. *Carrington* v. *Graves,* 121 Md 567; *Coppage* v. *Howard,* 127 Md. 512; 23 *Am. and Eng. Enc.,* sec. 17 (Real Estate).

Finding no error in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*