# DUDLEY W. COPPAGE AND H. ROSS COPPAGE, EXECUTORS OF THE ESTATE OF WILLIAM S. COPPAGE,

## *vs.*

# J. CAMILLUS HOWARD.

*Real estate brokers: duty to principal. Prayers: no evidence to sustain—.*

In transactions between a real estate broker and the principal, the latter is entitled to the disinterested skill, diligence and zeal of the broker for his exclusive benefit.          p. 236

But a prayer to that effect is improper where there is no evidence that the principal did not get from his agent the very best service within the meaning of the rule.          p. 236

*Decided January 29th, 1918.*

An appeal from the Circuit Court for Montgomery County. (PETER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George Washington Williams* (with whom were *J. Dawson Williams, John Holt Richardson,* and *W. Meverell Loker,* on the brief), for the appellants.

*Thomas L. Dawson* (with whom was *Thomas Dawson* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This is a suit for commissions claimed to have been earned in the performance of a contract authorizing the appellee to sell or procure a purchaser for real property, but which the appellants' decedent failed to consummate by executing a deed to the purchaser who had been procured, and which has been before this Court before, and is reported in 127 Md. 512. On that occasion this Court reversed the judgment obtained by the appellee because of error in the plaintiff's first prayer, which instructed the jury that their verdict should be for the plaintiff if they found that he had procured a purchaser who was ready, willing and able to pay for the property, and that he notified the defendant of that fact and the defendant refused to consummate the sale. After an extensive review of the authorities governing brokers' commissions under contracts of sale we held that under the facts in evidence this prayer was calculated to mislead the jury, upon the ground that it should have been submitted to the jury to find as a fact, before the plaintiff was entitled to recover, that he had disclosed to the defendant the name of the purchaser. The contract presented by the plaintiff to the defendant did not contain the name of the real purchaser, but there was substituted therefor E. McClure Rouzer, attorney, and the defendant testified that the name of the real purchaser had never been disclosed to him, although the plaintiff testified he had done so. The authority from the defendant to the plaintiff authorized him to sell the property for either cash or part cash and part mortgage. The contract provided for the payment of the property in the latter manner, and we held that because of the fact that the defendant was going to take a mortgage from the purchaser that he was enough interested in the actual purchaser to entitle him to know his name so as to judge of his financial responsibility. We held, however, that the other rulings of the Court below were correct, including the ruling on the prayers asking the Court to withdraw the case from the consideration of the jury, which prayers were renewed at the second trial.

The testimony taken at the first trial is very fully set out in the opinion of the Court delivered by JUDGE THOMAS in 127 Maryland, and the present record shows but very little was taken in addition thereto, and of that the most important was that given by Albert Pilkerton, a witness produced on behalf of the appellee, who testified that he was with the appellee when he drove to the house of William S. Coppage to have him execute the contract; that the appellee showed him the Rouzer agreement while driving there; that on the arrival at Mr. Coppage's house he greeted them, and he and Mr. Howard went into the house while he remained outside in charge of the team; "that they were inside of the house for about half an hour, and when they came out, and while they were walking from the house to the buggy, he heard Mr. Coppage say to Mr. Howard he was glad that the place had been sold, and that he also heard him say that he would as "lief Mr. Duke have the property as anyone else."

Mr. W. S. Coppage had died after the first trial resulted in a verdict for the appellee, and his executors were substituted as defendants. The main contention of the appellants is that the case should have been withdrawn from the consideration of the jury, and for this they rely upon the proposition that there was no evidence legally sufficient to show that the plaintiff ever disclosed the name of the alleged purchaser to the appellant's testator. Of course, in order to accomplish this we would have to throw out entirely the testimony of the witness Pilkerton. This we are unable to do as a matter of law. It is too well established to dispute that the jury are to pass upon the credibility of witnesses, and not the Court. What Mr. Pilkerton heard Mr. Coppage say to Mr. Howard can not be twisted into anything but that he knew that Mr. Duke was to be the real purchaser. The time, the place and the circumstances admit of no other inference, and it was for the jury to say whether or not this alleged conversation ever took place, and the Court was correct in submitting the finding of this fact to the jury.

Another contention of the appellants is based upon the rejection of the 14th, 15th, 17th, 18th and 21st prayers. These prayers are all based upon the legal proposition contained in *Schwartze* v. *Yearly,* 31 Md. 271; *Rasin* v. *Clark,* 41 Md. 159; *Blake* v. *Stump,* 73 Md. 160, and many other cases, where it is held that in transactions between real estate brokers and their principals that the principal is entitled to the disinteretsed skill, diligence and zeal of the broker for his own exclusive benefit. These prayers were properly rejected for the very good reason that there is no evidence in the record of any kind which intimates that the principal did not get from his agent the very best of service within the meaning of that rule. In fact the testimony absolutely shows that the agent procured a purchaser who was ready, willing and capable of buying the property upon the terms Coppage agreed to sell it, although the vendor had raised his figures from his first offer $5,000.00.

There was no contention made either in this Court or in the brief that the prayers granted on behalf of the plaintiff were incorrect, nor on the rejection of other prayers of the defendant, and upon examination we have found no error in the rulings thereon. There were two exceptions to questions of evidence, but these were both disposed of in the former opinion. Nor do we find any material variance between the *probata* and *allegata.*

Finding no errors in the rulings of the learned Court below, we will affirm the judgment.

*Judgment affirmed, with costs to the appellee.*