## ANNIE C. BUCHHOLZ et al.

### vs.

## WILLIAM M. GORSUCH.

*Brokers—Action for Commissions—Procuring Cause of Sale—
Question for Jury—Instructions.*

In an action against the vendors of property for commissions on the sale, that the testimony admits of the inference that the sale was accomplished as a result of the broker's action in discovering the purchasers, showing them the property, and referring them to the vendors for further negotiations, satisfies the requirement that the evidence be sufficient to show that he "procured" the purchasers within the intent of Code, art. 2, sec. 17.                                                                p. 65

That the sale was effected by direct agreement of the defendant vendors and the vendees does not disentitle the broker to commissions if his efforts may fairly be regarded as the procuring cause of that result.                                        p. 65

Whether plaintiff was the procuring cause of the sale by defendants is not to be withdrawn from the jury unless the evidence admits of no reasonable inference that the agreement of sale was the result of his service as broker.                        p. 65

That the sale was not actually made until several months after plaintiff rendered the service on which he based his claim for commissions, while a circumstance that may be considered by the jury upon the question whether the sale resulted from his efforts, is not conclusive against his right to have that question submitted to the jury.                                          p. 66

That plaintiff broker failed to inform defendants that he had referred to them the persons to whom the property was subsequently sold, did not preclude the submission to the jury of the question whether plaintiff procured the sale, the defendants having been apprised of that fact while the negotiations were in progress, and they having, according to certain testimony, admitted his right to commissions.                              p. 66

It was for the jury to determine, upon the conflicting evidence, whether there was in fact a recognition by defendants of the utility and value of the plaintiff's service. p. 66

In determining whether the case should have been withdrawn from the jury the testimony that, before the agreement of sale was signed, plaintiff's relation to the sale was acknowledged to be such as to entitle him to commissions, must be assumed to be true. p. 66

Instructions, requested by defendants, that plaintiff was not entitled to recover merely because he showed the property to the purchasers, but that the jury must be satisfied by a preponderance of the evidence that he was the procuring cause of the purchase, that is, that his effort to sell was not only the foundation upon which the negotiation of sale was begun, but the one upon which it was conducted and upon which it was ultimately made, and that their verdict must be for defendants unless they were satisfied by a preponderance of the evidence that defendants authorized plaintiff to sell the property, and that the sale was accomplished as a result of his efforts, and was not due to subsequent and independent negotiations between the purchasers and defendants, *held* properly granted. p. 67

*Decided June 27th, 1923.*

Appeal from the Superior Court of Baltimore City (DAWKINS, J.).

Action by William M. Gorsuch against Annie C. Buchholz, Frederick G. Buchholz, and Harry P. Buchholz. From a judgment for plaintiff against the two defendants first named, they appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Harry M. Benzinger* and *Henry H. Dinneen,* for the appellants.

*Edward J. Colgan, Jr.,* with whom were *John Mays Little* and *Elmer R. Haile* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The legal sufficiency of the evidence to support the appellee's recovery of commissions, on account of the sale of certain real estate of the appellants in Baltimore County, is the principal subject of inquiry presented by this appeal. There was testimony from which, though contradicted in important particulars, the jury could find: that the appellants authorized the appellee, who is a real estate broker, to list their property for sale on a five per cent. commission basis; that he advertised it in the Baltimore Sun, and after various efforts to sell it, he brought the property to the attention of the persons who subsequently became the purchasers, and had them conveyed in his automobile to inspect the premises; that he gave them the appellants' address in Baltimore and informed them as to the price at which the property was then offered; that a month or two later the persons who afterwards bought the property from the appellants inquired of them by telephone as to the price, through a friend and neighbor, who had advised them to purchase it, and they learned that a reduction in the price previously asked would not be considered; that about three months after the appellee had enlisted the interest of the eventual purchasers, an offer was made by them to the appellants which led to a counter proposal and a final agreement of sale for $8,300; that during the interview at which the sale was effected the appellants were informed by the purchasers that the appellee had shown them the property, and one of the appellants, in the presence of the other, referred to the necessity of paying the appellee a commission as a reason for not selling it for a lower price. The agreement of sale was consummated by the payment of the purchase price and the conveyance of the property.

It is provided by statute (Code, art. 2, sec. 17), that if a broker "employed to sell" real or leasehold property, "procures in good faith a purchaser, * * * and the person so procured is accepted as such by the employer, and enters into a valid, binding and enforceable written contract of sale * * *, in terms acceptable to the employer, and such contract is

accepted by the employer and signed by him, the broker shall be deemed to have earned the customary or agreed commission, as the case may be, whether or not the contract entered into be actually into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker."

It is not disputed that the evidence, while in conflict, would have justified the submission to the jury of the question as to the appellee's employment by the appellants to sell their property, and the uncontradicted testimony proves that the appellants, upon terms satisfactory to themselves, accepted as purchasers, and validly contracted with, the persons who had become interested in the property at the appellee's instance. But it is contended that the evidence is not legally sufficient to show that the appellee "procured" the purchaser within the intent of the law. That prerequisite to recovery is satisfied if the testimony admits of the inference that the sale was accomplished as a result of the appellee's action in discovering the purchasers, showing them the property, and referring them to the appellants for further negotiations. The fact that the sale was effected by direct agreement of the vendors and vendees does not disentitle the appellee to commissions if his efforts may fairly be regarded as the procuring cause of that result. Such a question is ordinarily left to the jury for decision. It is not to be withdrawn from their consideration unless the evidence admits of no reasonable inference that the agreement of sale was the result of the broker's service. The principles we have stated have been repeatedly applied by this Court. *Keener* v. *Harrod,* 2 Md. 63; *Jones* v. *Adler,* 34 Md. 440; *Blake* v. *Stump,* 73 Md. 160; *Walker* v. *Baldwin,* 106 Md. 634; *Martien* v. *Baltimore,* 109 Md. 260; *Way* v. *Turner,* 127 Md. 327; *North Ave. Casino Co.* v. *Ferguson,* 130 Md. 376; *Balto. Car Wheel Co.* v. *Clark,* 131 Md. 513; *Wieghardt* v. *Wagner,* 140 Md. 188; *Taft* v. *Bayne,* 140 Md. 683.

In this case we have testimony not only that the appellee interested the purchasers in the property offered for sale, and directed them to the appellants as the vendors, but also that the latter, in the course of their negotiations with the purchasers, affirmatively recognized their liability to the appellee for commissions on the sale which was then being accomplished. While the sale was not actually made until the lapse of several months after the appellee rendered the service upon which his claim of commissions is based, and while that circumstance could have been considered by the jury upon the question as to whether the sale resulted from the appellee's efforts, we cannot hold that such a delay in the negotiations is conclusive against the right to have the jury decide the issue. Nor could we properly make such a ruling merely because of the appellee's omission to inform the appellants that he had referred to them the persons to whom the property was subsequently sold. The appellants were apprised of that fact while the negotiations were in progress, and in effect, according to the testimony to which we have alluded, they admitted the appellee's right to commissions. If the appellants themselves drew the inference from the facts, of which they were aware, that the appellee's action was a procuring cause of the sale, entitling him to commissions, they could not reasonably ask to have the jury denied the right to reach a similar conclusion. It was for the jury to determine upon the conflicting evidence whether there was in fact a recognition by the appellants of the utility and value of the appellee's service, when the sale was being completed. But, in determining the question whether the case should have been withdrawn from the jury, we must assume the truth of the testimony of the purchasers tending to prove that, before the agreement of sale was signed, the relation of the appellee to the sale was discussed and was acknowledged to be such as to entitle him to commissions on account of the transaction. In this and other respects the present case differs from those, cited by the appellants, in which the evidence was held to be legally insufficient to sustain the broker's right to recover.

Upon the evidence in this record we think the prayers to withdraw the case from the jury were properly refused.

The jury were instructed, at the request of the appellants, that the plaintiff was not entitled to recover merely because he may have shown the property in question to the persons by whom it was afterwards purchased, but that to entitle him to recover the jury must be satisfied by a preponderance of evidence that he was the procuring cause of the purchase, "that is to say, that the plaintiff's effort to sell (if the jury find the same) was not only the foundation upon which such negotiation of sale was begun, but the one upon which it was conducted and upon which said sale was ultimately made," and, by a separate granted prayer, that their verdict should be for the defendants unless they were "satisfied by a preponderance of the evidence that the defendants authorized the plaintiff to sell the real estate mentioned in evidence and further that the sale of such property was accomplished as the result of such efforts of the plaintiff, and was not due to subsequent and independent negotiations between" the purchasers and the defendants. These instructions omitted, as the result of modifications by the court, certain phrases which the prayers included as originally offered. The omitted words were not essential to a proper statement of the issues, and the instructions granted were as favorable as they could justly be to the theory upon which they had been proposed.

There was a demurrer to the declaration. In the adverse ruling on the demurrer we find no error, as the declaration alleged facts which were sufficient, if proved, to support the action.

*Judgment affirmed, with costs.*