THOMAS H. DERMODY, APPELLANT, v. NEW JERSEY REAL-TIES, INCORPORATED, RESPONDENT.

Argued February 9, 1925—Decided March 23, 1925.

Where a real estate agent produced a purchaser able to buy, who was accepted by the vendor, with whom he entered into a contract, but afterwards defaulted and settled with the vendor by the payment of a sum of money as damages for his breach of the contract, the agent's commission under his contract with the vendor was earned, notwithstanding it was stipulated to be paid at the time of passing title, which did not pass, because the contract of settlement substituted payment of damages to the vendor, in the place of the purchase-money stipulated in the contract of sale and purchase, which latter contract was brought about by the agent's services.

On appeal from the Essex County Circuit Court.

For the appellant, *Vanderbilt & Hedden.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was a suit in the Essex County Circuit Court, tried before Judge Dungan without a jury. He found in favor of the defendant, and, thereupon, judgment was entered against the plaintiff.

The facts were stipulated, and it appeared therefrom that defendant corporation executed a contract with plaintiff, whereby it agreed to pay him a commission of $1,000 for effecting the sale of certain real estate from itself to William J. O'Rourke, "the above commission to be paid to you [plaintiff] at the time of passing title." The plaintiff furnished O'Rourke as a purchaser of the premises, and defendant and he entered into a contract for the sale and purchase of the property for $36,000, defendant receiving $2,000 as a deposit on account of the purchase price; the title to pass on a given date. The defendant was able to convey and the purchaser, although able to perform his contract, refused to do so. Thereafter defendant corporation agreed to accept $1,000 in addition to the $2,000 deposit, as damages for breach of the contract by O'Rourke, and that sum was paid to defendant by O'Rourke, and mutual releases were exchanged between them. The court found that the commission to be paid at the time of the passing of title required as a condition precedent that the title should have passed before the plaintiff was entitled to recover.

Although title did not pass from the defendant to O'Rourke, nevertheless, this case is not within the doctrine of *Leschziner* v. *Bauman,* 83 *N. J. L.* 743, where the payment of a commission for the sale of real estate was made to depend upon the passing of title on a date specified in the agreement; nor is it necessary to consider whether it is within the case of *Lehrhoff* v. *Schwartsky,* 2 *N. J. Mis. R.* 353, where the payment of commissions was not made dependent upon the actual passing of title to the property, as contended for by appellant here, as this case comes within the doctrine of *Haber* v. *Goldberg,* 92 *N. J. L.* 367, where this court held that although the agreement between defendant and a third party provided that the deeds should be delivered and exchanged on a certain date, and the agreement between plaintiff and defendant provided that plaintiff's commission should be paid by defendant on the date set for the delivery of the deeds, which did not take place because the

third party was unable to furnish a marketable title, the commission was, nevertheless, earned because the defendant sued the third party for breach of the contract negotiated by the broker, and recovered damages therefor. In that case we said (at *p.* 373) : "Now, in the case at bar, the conveyances agreed to be made between the parties to the agreement of sale were not executed and delivered, and that for the reason that the title of the third party to the premises to be conveyed by him to the defendant was ascertained to be defective and unmarketable. However, the broker's commission cannot be defeated because title did not pass, for, by suing the third party for a breach of the contract between them and recovering damages therefor, the defendant, as between himself and the plaintiff, was not entitled to repudiate his undertaking with the latter for compensation for negotiating the very contract which was the basis of that suit."

It is not perceived that there is any difference between a case where the vendor sued a defaulting purchaser and recovered damages for the default, which precludes the idea of any repudiation of the contract sued on, as in Haber *v.* Goldberg, or entering into a substitutional contract with the defaulting purchaser, and thereby, by way of compromise and agreement, securing damages which otherwise could have been recovered by suit, as in this case. We think the judge should have applied the doctrine of Haber *v.* Goldberg instead of that of Leschziner *v.* Bauman to the facts in the case at bar, and, had he done so, he would have been required to award a judgment to the plaintiff against defendant.

Where a real estate agent produces a purchaser able to buy, who is accepted by the vendor, with whom he enters into a contract, but afterwards defaults and settles with the vendor by the payment of a sum of money as damages for his breach of the contract, the agent's commission under his contract with the vendor is earned, notwithstanding it was stipulated to be paid at the time of passing title, which did not pass, because the contract of settlement substitutes payment of

damages to the vendor, in the place of the purchase-money stipulated in the contract of sale and purchase, which contract was brought about by the agent's services.

The judgment under review will be reversed, to the end that judgment be entered in favor of the plaintiff-appellant against defendant in the court below.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ. 15.