### GRAYCE C. TURNER HATCH, PLAINTIFF-APPELLANT, v. WILLIAM T. DAYTON, DEFENDANT-RESPONDENT.

Argued May 4, 1943—Decided August 16, 1943.

Before Justices CASE, DONGES and PORTER.

For the appellant, *Lloyd, Horn & Perskie* (by *David M. Perskie*).

For the respondent, *W. Russell Epler*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment in favor of the defendant entered in the Cape May County District Court after a trial before the judge without a jury.

Plaintiff, being the owner of certain real property, listed it for sale with the defendant, a licensed real estate broker. Defendant procured prospective purchasers and a written agreement for the sale of the lands was executed. The time fixed for settlement in the agreement was August 25th, 1941, and before that date the purchasers deposited with the defendant the agreed advance deposit of $350. From this sum the defendant retained $160 as his commission of five per cent. of the sale price and forwarded the balance to plaintiff.

Transfer of title never took place because, in the language of the stipulation, "The purchasers named in the agreement

were unwilling to and did not complete the purchase of the property, and are still unwilling to complete the said purchase." The prospective purchasers forfeited their deposit of $350, in accordance with the provisions of the contract of sale. About eight months later plaintiff made demand on defendant for the amount retained as his commission, and, upon refusal, instituted this action which resulted, as stated, in a judgment for defendant, from which plaintiff appeals.

The points argued are (1) since the sale was never consummated the real estate broker was not entitled to his commission; and (2) the defendant is not entitled to a commission because he did not produce a purchaser ready, willing and able to complete the sale.

The provision of the contract of sale respecting commissions was as follows: "The seller agrees to pay William T. Dayton a commission of five per cent. of the sale price for consummating the sale." The appellant contends that this language, "consummating the sale," means consummating the transfer of title, by execution and delivery of the deed of conveyance from the seller to the purchaser.

The general rule in this class of cases is stated in *Dickinson* v. *Walters*, 100 *N. J. L.* 62, as follows: "The law is firmly settled in this state that a real estate broker earns his commission when he secures a buyer on the sellers terms, either as originally propounded or as settled by agreement between the seller and buyer." And further: "In order to absolve a party from the payment of commissions, it must clearly appear by the contract with his broker that the payment of commissions was made contingent upon the actual transfer of title."

There are many cases in the reports where the courts have been called upon to interpret the language of the particular contracts. In some the commissions have been held to be contingent upon transfer of title, in others not. We are here required to determine the meaning of the phrase "consummating the sale" as used in this contract.

Plaintiff relies upon *Morse* v. *Conley*, 83 *N. J. L.* 416, where the words "consummation of the sale at the time of the consummation thereof" were held to make payment of

commissions contingent upon final settlement. We think, however, that the fixing of time for payment of commissions as the time of consummation of sale is the controlling feature and clearly indicated the intention of the parties. The language there was in the contract for the sale of the lands and spoke *in futuro*. The sale, as represented by the contract of sale, had been accomplished, and in speaking in the future of the "time of consummation," reference must have been had to the transfer of title. Consummation of sale in that particular contract, therefore, must have meant consummation of the transfer of title. The contract itself so indicates. In the present case the words "for consummating this sale" do not necessarily refer to any future event and can just as well refer to an accomplished fact, as far as the words of the contract are concerned.

In *Klipper* v. *Schlossberg,* 96 *N. J. L.* 397, the landowner agreed to pay the broker a commission "for perfecting the sale." A contract was entered into but transfer of title did not take place because of a defect in title. In the broker's suit for commission, the Supreme Court interpreted the words "for perfecting the sale" as being the equivalent of "making a sale," and held that the broker had earned his commission when the contract of sale was executed, regardless of the fact that final settlement never took place.

The general rule being that a broker is entitled to his commissions when he brings the parties together, whether there is ever a conveyance or not, unless the parties have explicitly agreed that the commissions shall be contingent on final settlement, we are unable to find in the language of this contract any such agreement. Commissions owing for "consummating this sale" were due and owing for procuring the purchasers who entered into the binding contract of sale, and commissions were not contingent upon a conveyance. "A clear distinction is made in our cases between a sale and a conveyance of land." *Freeman* v. *Van Wagenen,* 90 *N. J. L.* 358.

Plaintiff also contends that defendant did not produce a purchaser willing to buy because, according to the stipulation, the reason for the failure to close the transaction was the

unwillingness of the prospective purchasers to go through with it. But we think this contention misconceives the legal principle. To follow such contention to its logical conclusion would mean that a real estate broker would never be entitled to commissions in a case where a purchaser, after having entered into a binding contract to purchase lands, thereafter became unwilling or unable to go through with it. Plaintiff contends that in the cited cases wherein commissions have been recovered after failure of settlement, the purchasers were willing and able but the transaction was not completed because of the fault of the seller or some other reason. However, this court said in *J. R. Tucker, Inc.*, v. *Mahaffey*, 6 *N. J. Mis. R.* 17, that it is immaterial whose fault it is that final settlement did not take place, since the payment of commissions was not made contingent upon a final settlement taking place.

The duty of the broker has been performed when he brings the parties together and they enter into a valid agreement of sale. If the landowner wishes to protect himself from the obligation to pay the broker a commission for that service, he must make such payment of commissions contingent upon passing of title. *Freeman* v. *Van Wagenen, supra; Dickinson* v. *Walters, supra.*

We conclude that the trial judge properly interpreted the contract of the parties and that the judgment should be affirmed, with costs.