**PRATT v. REALTY ASSOCIATES, Inc.**
No. 333.

Municipal Court of Appeals for the
District of Columbia.
Jan. 18, 1946.

John P. Labofish, of Washington, D. C.,
for appellant.

H. Max Ammerman, of Washington, D.
C. (Louis Ottenberg, of Washington, D.
C. on the brief), for appellee.

Before CAYTON and HOOD, Associate
Judges.

CAYTON, Associate Judge.

Realty Associates, Inc., a real estate broker, was engaged by Ethel J. Pratt, defendant below and appellant here, to find a purchaser for Maryland real estate owned by her. The broker procured a purchaser, John W. McCune, who signed a contract of sale which was in turn accepted and signed by Mrs. Pratt as owner. The purchaser put up a deposit of $500, half of which the owner retained, turning over the other half to the broker. The contract bound the seller to install a bath on the first floor of the premises at her own expense. This work not having been performed when the time for settlement expired, purchaser demanded return of his deposit. Seller honored the demand by returning the $250 she held and authorizing the agent to refund the $250 in his hands.

Thereafter the broker sued the owner for his commission of $450 (and for two other items which are not involved on this appeal). Defendant denied liability and made a counterclaim for rent lost and for a plumbing bill. The trial judge found for plaintiff for $450 and disallowed defendant's counterclaim. In bringing the case here for review defendant assigned eleven errors; but the case may more satisfac-

torily be decided on the basis of three principal contentions.

■ 1. Appellant contends that the sales contract was unenforceable because it did not include the signature of Mr. Pratt, the husband of the owner, or that of Mrs. McCune, the wife of the purchaser. As to the first omission, appellant claimed she had told the broker that she was a married woman, separated from her husband, and that under Maryland law his signature was required on the contract. This testimony was met by direct denial on the part of appellee; and in resolving this conflict the trial judge was passing on an issue of fact. As to the absence of Mrs. McCune's signature, it is significant that the owner accepted the offer without it, and also accepted the accompanying deposit, and was seemingly satisfied with the signature of the husband alone. Nor is it contended that the wife of the purchaser refused, or would have refused to join in the purchase. Therefore it cannot be said that the evidence showed the contract to be unenforceable as a matter of law. Moreover, the point does not seem to have been raised in the trial court.

■ 2. Appellant contends that the broker agreed to waive the commission when it consented to the return of the deposit to the purchaser. But she offered no evidence to support this claim and the only evidence on the point was a flat denial by a witness for plaintiff. The trial judge was justified in deciding this issue against appellant.

3. The principal legal issue in the case seems to center around the owner's claim that the agent was negligent in failing to devote its best efforts to consummation of the deal. In connection with that issue, several features of the case are not revealed by the record with sufficient clarity to enable us to say with assurance whether the law of Maryland or that of the District of Columbia should govern.[1] But,

as we shall see, the result on this appeal would be the same in either situation.

### The Law of Maryland.

Appellant relies upon Fox v. Cohen, 34 App.D.C. 389, in which three early Maryland cases are cited.[2] But those cases no longer govern, because a different rule of law was later prescribed by statute. In 1910 the law (now found in the Maryland Code, 1939 Ed., Vol. I, Art. 2, Sec. 17) was declared as follows: "Whenever, in the absence of special agreement to the contrary, a real estate broker employed to sell * * * real or leasehold estates * * * procures in good faith a purchaser * * * and the person so procured is accepted as such by the employer, and enters into a valid, binding and enforceable written contract of sale, * * * in terms acceptable to the employer, and such contract is accepted by the employer and signed by him, the broker shall be deemed to have earned the customary or agreed commission, as the case may be, whether or not the contract entered into be actually into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker."

■ Later decisions of the Maryland Court of Appeals give literal effect to that statutory language and hold that a broker is required to do no more than procure in good faith a purchaser who is accepted as such by the employer and enters into a valid written contract of sale with the employer. Thus the court in North Avenue Casino Co. v. Ferguson, 130 Md. 376, 100 A. 628, 630, said: "Under the plain provisions of the statute (Code, art. 2, § 17) a broker shall be deemed to have earned the customary or agreed commission, as the case may be, whether or not the contract entered into be actually carried into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker."

---

[1] See Clark v. Harmer, 9 App.D.C. 1, where the Court held that a contract executed in the District of Columbia for the purchase of real estate in Maryland must be construed with reference to Maryland law; but there the Court was dealing with litigation between principal parties, and not with the claim of a broker. See also Brown & Brammer v. Wm. Pearson Co., 169 Iowa 50, 150 N. W. 1057; Callaway v. Prettyman, 218

Pa. 293, 67 A. 418; Goldstein v. Scott, 76 App.Div. 78, 78 N.Y.S. 736; Polson v. Stewart, 167 Mass. 211, 45 N.E. 737, 36 L.R.A. 771, 57 Am.St.Rep. 452. See also annotation in L.R.A.1916A, 1012, 1046.

[2] Kimberly v. Henderson, 29 Md. 512; Richards v. Jackson, 31 Md. 250, 1 Am. Rep. 49; Riggs v. Turnbull, 105 Md. 135, 66 A. 13, 8 L.R.A.,N.S., 824, 11 Ann.Cas. 783.

The same construction was given to the statute in the later cases of Althouse v. Watson, 143 Md. 650, 123 A. 47 and Buchholz v. Gorsuch, 144 Md. 62, 124 A. 389. And in the most recent Maryland case we have been able to find, McKeever v. Washington Heights Realty Corporation, 183 Md. 216, 37 A.2d 305, 311, the court reiterated the rule, saying: "Where an agent has done all he undertook to do and has procured a buyer as contemplated, he cannot be deprived of his right to compensation by the fact that the sale has fallen through on account of the inability or unwarranted refusal of the principal to consummate the sale according to the prescribed terms."

■ With the law so plainly declared by the Maryland statute and just as plainly affirmed, time and again, by the Maryland Court of Appeals, we would have no alternative except to apply it here if the case were governed by the law of that state. However, one final question would still require an answer: Was the performance of the contract "prevented, hindered or delayed by any act of the broker" so as to bar its recovery under the statute? On the record before us, we must hold that this question raises an issue of fact, and that the trial judge had ample justification in the evidence to answer it in favor of the broker.

The Law of the District of Columbia.

■ In this jurisdiction no statute controls the situation; thus we take the law as it has been declared by our courts. Such law is not nearly so favorable to the broker as the law of Maryland. Here, to earn his commission the broker must do more than establish that he has brought the parties together and produced a contract acceptable to the owner. Under our law the broker has the burden of proving that the purchaser he produced was ready, able and willing to complete the transaction on the seller's terms.[3] Having done so, it is clear he is entitled to his commission if the failure of the sale was caused by the fault of the owner or his refusal to complete the transaction.[4] Thus again we are confronted with the question as to why the transaction failed; and again we point out that upon the record before us that question is one of fact. The owner insists that the broker did not actually produce a prospect who was prepared to complete the deal. But the evidence was at least as strong the other way, and gave convincing support to the broker's contention that there was no default by either the broker or the purchaser, and that the failure of the owner to make the agreed repairs was the real cause of the collapse of the transaction. The trial judge committed no error in resolving that factual issue in favor of the broker.

Affirmed.

---

[3] Heurich v. Sullivan, 52 App.D.C. 95, 281 F. 599; Battle v. Price, 63 App.D.C. 326, 72 F.2d 377; Wardman v. Washington Loan and Trust Co., 67 App.D.C. 184, 90 F.2d 429; Buckner v. Tweed, D.C.Mun.App., 44 A.2d 224.

[4] Shinn v. Evans, 37 App.D.C. 304; Pearson v. Small, 65 App.D.C. 243, 82 F.2d 849.