**SAVAGE et al. v. PARKS et al.**

**PARKS et al. v. SAVAGE et al.**

Nos. 1383, 1384.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 19, 1953.

Decided Nov. 18, 1953.

Howard J. McGrath, Washington, D. C., for Savages.

George E. C. Hayes, Washington, D. C., for Peters.

Philip W. Thomas, Washington, D. C., for Parks et al.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

We are here presented with a three-way controversy growing out of a contract for sale of a house in nearby Maryland. For purposes of clarity and convenience the parties will be referred to as seller, broker and purchaser.

Purchaser posted with broker a deposit of $1,000 at the time of signing the contract. Thereafter, when the title company report disclosed that the property was burdened with a covenant prohibiting sale, lease or occupancy thereof to colored persons, the purchaser (he and his wife being colored) refused to complete the purchase and demanded the return of his deposit. Seller declared the deposit forfeited and demanded one-half thereof from the broker. Broker, claiming to be a mere stakeholder, refused to honor the demand. Seller sued the broker for his claimed one-half of the deposit. Broker counterclaimed for commission allegedy earned on the uncompleted sale. Purchaser, being brought in as third party, demanded the return of his $1,000 deposit. The trial court denied the claims of both the seller and the broker and ordered the deposit returned to purchaser. These appeals followed.

*Seller's claim to forfeited deposit.*

There was evidence from which the trial judge could have found that before signing the contract purchaser told seller he had just been warned of a racial covenant on the property and specifically asked seller whether there was such a covenant in existence; that purchaser made it plain that because of the nervous condition of his wife he would not buy the property if it

was affected by such a covenant; that seller assured him that such was not the case; that upon such assurance he signed the agreement and was prepared to and would have completed the purchase except for the racial covenant.

■ Nothing can be clearer, we think, than the right of a purchaser in such a situation to rescind his agreement and demand return of his deposit. Though racial covenants have now been held unenforceable,[1] the fact remains that such a running restriction was on the title to this property and would be of record in any deed made to this purchaser. The law does not require a purchaser to borrow trouble of the future—or even the prospect of trouble. The law protects him in his right to demand what he bargained for: a home and property free of the cloud of restriction. Directly applicable here is what we said in Ralph D. Cohn, Inc., v. Trawick, D.C.Mun. App., 60 A.2d 926, 927: "Certainly the existence of such a covenant was of vital importance to him. He might decide to seek legal advice as to its validity; even though assured of its invalidity he might decide not to buy because of possibility of litigation; and he might decide, regardless of the validity of the covenant, not to buy a home in a neighborhood where such a covenant existed of record. These were matters for him to decide and not for the seller. * * There is a vast difference between this case and Meckler v. Baugh, D.C.Mun.App., 53 A.2d 695, affirmed, [83 U.S.App.D.C. 400], 168 F.2d 574. In that case the seller made full disclosure of the existence of the covenant and the buyer with knowledge of the covenant signed the contract."

*Broker's claim to commission.*

■ Not quite so simple is the question as to whether the broker had earned a commission under the contract which had been repudiated (properly as we have just said) by the purchaser. The property being in Maryland, the law of that State controls.[2]

Maryland has a statute providing that when in the absence of a special agreement to the contrary a broker procures in good faith a purchaser who "enters into a valid, binding and enforceable written contract", the broker becomes entitled to his commission, "whether or not the contract entered into be actually into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker." Maryland Code, Article 2, § 17. It is not claimed here that there was any "special agreement to the contrary" or that the broker acted other than in good faith. We have come to the conclusion, however, that in this case the broker, no more than the seller, can claim that the purchaser entered into a "valid, binding and enforceable written contract." The trial court has ruled, with substantial support in the evidence, that the contract was not enforceable. It is true that such ruling was necessarily based on seller's representation that no racial covenant affected the property; and that this representation was made recklessly or merely in error—(the evidence was susceptible of more than one interpretation.) But it is also true that the broker participated in the discussion between seller and purchaser concerning the covenant, knew that the purchaser would not complete the deal if there was a covenant in existence, and assured the purchaser that he had nothing to worry about in view of the Supreme Court decision on the subject.

In these circumstances, while it probably cannot be said that the broker actively "prevented, hindered or delayed" completion of the deal, he was so much an active participant in the conversations and negotiations attending and leading to the signing of the contract that he must be held to have assumed the risk that if a search of the title brought to light a racial covenant the deal would collapse, and with it his right to commission. Three Maryland cases, cited by the broker, do not point to a different result. North Avenue Casino Co. v. Ferguson, 130 Md. 376, 100 A. 628; Alt-

1. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161; Hurd v. Hodge, 334 U.S. 24, 68 S.Ct. 847, 92 L.Ed. 1187.

2. Pratt v. Realty Associates, D.C.Mun. App., 45 A.2d 478; Deibler v. Graham, D.C.Mun.App., 62 A.2d 553.

house v. Watson, 143 Md. 650, 123 A. 47; Buchholz v. Gorsuch, 144 Md. 62, 124 A. 389. Indeed, in a much later decision of the Maryland Court of Appeals we find firm support for the decision we here make. Borowski v. Meyers, 1950, 195 Md. 226, 72 A.2d 701. It was there held that a broker is not entitled to commission where he had negotiated à contract subject to a condition, and the purchaser rescinded for breach of such condition.

Judgments affirmed.