## ADAM WHEELER v. STATE.

No. A-6875.   Opinion Filed October 10, 1929.
(281 Pac. 599.)

E. V. Rakestraw, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kiowa county on a charge of transporting intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state is that Sam Standerfer, deputy sheriff, had a warrant for the arrest of one W. P. Moore; that the officers saw W. P. Moore and the defendant, Adam Wheeler, in a car driving in the streets of Snyder; that he called Tom Bryant to assist him in arresting Moore, and they pursued Moore and Wheeler for about three blocks, where they overtook them; that the officers commanded Wheeler, who was driving the car, to halt, but, instead of doing that, he reached down and pushed something over to Moore, and speeded up his

car; that the officers followed after them, and saw Moore throw a half-gallon jar out of the car; that they pursued Moore and Wheeler about two miles, where they overtook them and arrested them; that there was a wet place in the bottom of the car that smelled of whisky. After arresting the defendants, the officers went back to the place where the jar was broken, and found the broken jar with a wet place on the ground and a strong scent of whisky. When arrested, Moore said the whisky belonged to Wheeler. A charge of transporting liquor was filed against both defendant Wheeler and Moore. Wheeler furnished the bond for Moore, and, when Moore's case was called, he pleaded guilty to the charge and Wheeler furnished most of the money to pay his fine. The defendant was then tried and found guilty by the jury.

The defendant first contends that the evidence against the defendant was inadmissible because the search and seizure was unlawful. The evidence discloses that the officers had a warrant for Moore's arrest; that Moore was riding in defendant's car; that defendant speeded up the car, and thus enabled Moore to have time to throw the jar of whisky out of the car and also enabled him to evade arrest for the time being. The officers having the warrant for the arrest of Moore had a legal right to search the car and the persons of defendant and Moore and the immediate surroundings.

Section 2468, C. O. S. 1921, provides:

"If, after notice of intention to arrest the defendant, he either flee or forcibly resist, the officer may use all necessary means to effect the arrest." Yeager v. State, 43 Okla. Cr. 318, 278 Pac. 665.

The motion to suppress the evidence was properly overruled. The defendant contends that there is no evi-

dence to show that defendant Wheeler knew anything about the whisky being in the car. The fact that defendant fled from the officers, that Moore said in his presence that the whisky belonged to Wheeler, and that Wheeler furnished most of the money to pay the fine of Moore, and furnished his bond, and that Wheeler was intoxicated at the time he was arrested, were all circumstances to be considered by the jury in determining the guilt or innocence of the defendant. It is true that Wheeler denied that the whisky belonged to him or that he knew it was in the car, but the story he told on cross-examination greatly weakened this denial. The jury were not bound to believe the story of the defendant Moore, and had a right to believe the officers and take into consideration all the circumstances in the case. Having found the defendant guilty, they evidently did not believe his story and did believe the evidence of the state. The motion to suppress the evidence being properly overruled, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.