## BEARMAN v. ROLAND PARK REALTY COMPANY ET AL.

[No. 91, September Term, 1958.]

*Decided January 19, 1959.*

*Motion for rehearing and modification of opinion filed February 13, 1959, denied February 16, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Maurice J. Pressman,* for appellant.

*Robert B. Watts,* with whom were *Tucker R. Dearing, Josiah F. Henry, Jr.,* and *Paul J. Cockrell* on the brief, for Hiram E. Smith.

No brief and no appearance for Roland Park Realty Company.

HAMMOND, J., delivered the opinion of the Court.

We are refereeing in this appeal a contest over one-half of a real estate commission between Smith, the individual appellee (a minister who doubles as a licensed broker) and Bearman, the appellant (a lawyer who occasionally earns

such a commission under Art. 56, Sec. 212 (f) (6) of the Code of 1957).

Roland Park Realty Co. was engaged by St. Mark's Evangelical and Reformed Church in Baltimore to sell the church property. In due time sale was made to the Trinity African Methodist Episcopal Church, which was in the market because its church property was being taken over by the City of Baltimore in the course of a redevelopment program.

Roland Park agreed that one-half of the commission for the sale was due either Smith or Bearman as the procurer of the purchaser but, as it had from the first, continued to refuse to decide which of the two met that description. Each claimed the full half and, although below and in argument in this Court, Bearman offered to split the one-half share, Smith, while obviously recognizing that half a loaf is better than none, would not agree that the aphorism carried down to a quarter loaf. Smith sued Roland Park for one-half of the commission and Bearman intervened as a party plaintiff, making the same claim. Roland Park paid the one-half share into court under Maryland Rule 325 a, which provides that "* * * when two or more claims are joined in one action, any defendant may pay into a court a sum of money by way of compensation or amends for and on account of any or all of said claims."

Judge Mason, sitting without a jury, found for Smith on the testimony which is to be synopsized next, and Bearman appealed.

The record shows that on December 26, 1956, Smith called Roland Park and was told that "whenever he, or any other broker found an acceptable purchaser for the property, he would receive one-half of the commission which we would receive from the selling owner." Rogers, Roland Park's salesman, says that as a result of the call he met Smith at the church two days later, on December 28. Smith, according to Rogers, told him that he knew someone who would be interested, and made a telephone call to Bearman, who came to the church and in turn called the Rev. Isaac Miller, pastor of the Trinity African Methodist Episcopal Church. Rogers talked to Miller on the telephone and made an appointment to meet

him and his trustees at the church. Thereafter, Rogers had no further contact with Bearman, only with Miller and Smith. Miller or Smith would telephone him, or he would call one of them. His testimony, in speaking of the three of them, was: "We were all in contact continually, right on up until it was finally consummated." Bearman's connection with the matter was that he had been called on by the Trinity group to arrange a loan on the old church, and later had been asked to help the church get a higher price from Baltimore City. He had not been engaged by the Trinity group to sell their church property nor did he represent them in legal matters generally. On his own initiative Bearman wrote a letter which went out on December 27 to various brokers, including Smith, saying that he had a client which was looking for a new church and had $50,000 available. After the meeting at the church on December 28, Bearman had no further connection with the transaction.

There was testimony that Smith had known Miller for months and had arranged to show him St. Mark's Church before he received Bearman's letter on the 28th. Miller said that he found out that St. Mark's Church was for sale through Smith, that he and Smith had discussed the church before Rogers spoke to him on the telephone, that he had no dealings with Bearman in relation to St. Mark's Church and could not recall talking to Bearman about it. Under cross-examination Rogers said he might be wrong in his recollection that it was Bearman who suggested that he talk with Miller on December 28. Smith testified that he disclosed to Rogers the name of Miller before he called Bearman on December 28 from the church and that his purpose in calling Bearman was to have him, as a man he knew to be familiar with Trinity's finances, reassure Rogers as to the prospective purchaser's ability to pay since Rogers had emphasized that a buyer must be financially strong.

As in this Court, it was earnestly urged below, at the conclusion of the case and on motion for rehearing, that the evidence showed Bearman to have been the procuring cause of the sale, but Judge Mason concluded that Smith had become the broker. One satisfies the legal test as a procurer of the

purchaser if the testimony permits the inference that the sale was accomplished as a result of his action in discovering the purchaser, acquainting him with the property and referring him to the seller for further negotiations. *Buchholz v. Gorsuch,* 144 Md. 62, 65; *Steele v. Seth,* 211 Md. 323.

While the evidence was conflicting, the case is akin to *Burrell v. Frisby,* 212 Md. 181, 187, where the general agent offered to split the commission with any broker who found a purchaser, and the Court said: "We think that the testimony was sufficient to support the conclusion of the Chancellor that the sale was effected by the appellee as the procuring cause thereof, and that by so effecting it he rendered the service or performance invited by the * * * offer made by the exclusive agent * * * and that a binding contract of employment was thereby effected between them under which the appellee became entitled to one-half of the commission on the sale."

*Judgment affirmed, with costs.*